BONHAM ET AL. *v.* McGEATH, ADMINISTRATOR, ET AL.

[No. 3,753.    Filed October 22, 1901.]

APPEAL AND ERROR.—*Exceptions.*—*Parties.*—The words "*et al.,*" following the name of one of several codefendants in an exception to the action of the court in overruling a joint and several demurrer, are without effect, and an assignment of error by all of the defendants based upon such exception presents no question on appeal. *pp. 437, 438.*

SAME.—*Exceptions.*—*Parties.*—No question is presented on the ruling of the court in sustaining a demurrer to the separate answer of N., where the record recites that the court sustained the demurrer to the separate answer and also the several demurrers to other paragraphs of answer of B. *et al.,* to which ruling N. and B. *et al.* excepted. *p. 438.*

From Blackford Circuit Court; *W. H. Carroll,* Special Judge.

Petition by John P. McGeath, administrator, for the sale of real estate. From the action of the court in sustaining demurrers to answers filed by Cora Bonham and others, and denying a motion to dismiss the petition, defendants, Cora Bonham and others, appeal. *Affirmed.*

*J. A. Hindman,* for appellants.

*J. Cantwell, S. W. Cantwell* and *L. B. Simmons,* for appellee.

ROBINSON, J.—Petition by appellee as administrator with the will annexed of the estate of John S. Bliss, deceased, to sell real estate. Demurrers to petition overruled. Cora Bonham and certain other appellants answered the petition in three paragraphs, to the second and third of which a demurrer was sustained, and appellant Thomas C. Neal answered in one paragraph to which a demurrer was sustained. Thomas C. and Mary Neal then answered in denial. At the conclusion of the evidence Cora Bonham and certain other appellants moved to dismiss the petition, which motion was overruled. Finding in appellee's favor, and cer-

tain lands ordered sold. The rulings upon the demurrers and the motion to dismiss the petition are questioned by assignments of error.

It is argued by counsel for appellee that no questions are presented by these assignments because proper exceptions were not taken to the court's rulings. Cora Bonham and ten other defendants named in the demurrer jointly and severally demurred to the petition. This demurrer was overruled, and the record recites, "to which ruling of the court Cora Bonham *et al.* herein except." Exception was taken in the same way to the rulings on the demurrer to the second and third paragraphs of answer, and to the ruling on the joint motion to dismiss the petition. This must be held to be an exception taken by Cora Bonham only. The exception was not taken by the "defendants", but by one of them only, by name. An exception is defined by the statute to be an objection taken to a decision of the court upon a matter of law. §637 Burns 1901. The statute requires that the party objecting to the decision must except at the time the decision is made. §638 Burns 1901. We can not presume that all excepted any more than we could presume that a part only excepted. So far as the question here presented is concerned the words *"et al."* are without effect. As Cora Bonham is the only defendant who saved an exception, a joint assignment of error by her and others who saved no exception, presents no question.

Thomas C. Neal has separately assigned error. The only error in this assignment which is discussed by counsel is the ruling sustaining a demurrer to his separate answer. The record contains this entry: "Come now the parties by counsel and the court after being sufficiently advised sustains the demurrer to the separate answer of Thomas C. Neal and the court also sustains the several demurrers to the second and third paragraphs of answer of Cora Bonham *et al.,* heretofore filed, to which ruling of the court Thomas C. Neal and Cora Bonham *et al.* excepted." As this does

not show an exception by Neal to the ruling on the demurrer to his answer, no question is presented upon this assignment.

As the other errors assigned are not discussed they are waived.

Judgment affirmed.