## ENGLISH ET AL. v. ENGLISH ET AL.

[No. 22,456. Filed January 26, 1915.]

1. APPEAL.—*Record.*—*Bill of Exceptions.*—*Time for Filing.*—A record showing that on the overruling of the motion for new trial 120 days were allowed within which to file the bill of exceptions, that on the day when such time expired an extension of 30 days was granted on verified application therefor, and that the bill was filed within the period of such extension, but not disclosing that any time for hearing on the application was set, or that notice of the time and place for hearing was given to the opposite parties, does not show the bill of exceptions within the record so as to present any question on appeal.

From Montgomery Circuit Court; *Jere West,* Judge.

Action between John E. English and others and Charles E. English and others. From a judgment for the latter, the former appeal. *Affirmed.*

*Otis E. Gulley, George T. Pattison* and *Solon A. Enloe,* ·for appellants.

*Samuel Ashby, George C. Harvey, Drennen R. Harvey* and *George R. Harvey,* for appellees.

LAIRY, J.—This appeal is prosecuted from the Montgomery Circuit Court, and the only error assigned is that the trial court erred in overruling appellants' motion for a new trial. The questions which appellants seek to present under this assignment depend upon the bill of exceptions containing the evidence. Appellees assert that this bill of exceptions is not before this court, and, if this is true, no question is presented for decision. The motion for a new trial was filed by appellants on October 9, 1912, and 120 days were allowed within which to file the bill of exceptions. This time expired on February 6, 1913, and the bill of exceptions contained in the transcript was filed on March 5, 1913. The record shows that on February 6, 1913, appellants filed a verified written application for a further extension of time for thirty days within which to file the bill of ex-

ceptions containing the evidence and that the court on that day entered an order granting such extention of time to begin at the expiration of the time previously granted. The bill of exceptions was filed before the expiration of the time as so extended, but the power of the court to grant extentions of time is conferred by the provisions of §661 Burns 1914, Acts 1911 p. 193, which was in force at the time the order under consideration was made. Among other things this section provides that the application shall be in writing and verified, and that it must be made and the time for the hearing thereof set for a day prior to the expiration of the time first given. It is further provided that the party asking such reëxtention of time shall give the opposite party or his attorneys of record at least three days' notice of the time when and the place where such application will be heard. The record does not show that any time was set for the hearing of the application under consideration or that any notice of the time and place of hearing was given to the opposite parties or to their attorneys of record as required by this section of the statute.

The provisions of the act conferring the power to grant extensions of time in such cases were not followed and the order granting the extension was without force. The bill of exceptions containing the evidence is not in the record and no question is presented. Judgment affirmed.

Note.—Reported in 107 N. E. 547. See, also, 3 Cyc. 42.