## RICHMOND LIGHT, HEAT AND POWER COMPANY ET AL. v. RAU, ADMINISTRATRIX.

[No. 22,829. Filed December 17, 1915.]

1. STREET RAILROADS.—*Negligence.—Suspending Trolley Wires from Electric Light Poles.—Action for Wrongful Death.—Contact of Light Wires.—Knowledge of Danger.—Complaint.*—A complaint for wrongful death from electrocution caused by the contact of wires suspended from an electric light pole to which defendant street car company had attached cross wires supporting its trolley wire, alleging negligence in attaching such cross wires to a pole of insufficient capacity, by reason of which the top of the pole was pulled out of position so as to cause the electric light wires to come in contact with each other, etc., and that all the defendants knew of the dangerous situation in time to have repaired same, etc., was not insufficient on the ground that it did not aver that defendant street car company knew that the electric light wires carried a high and dangerous voltage, since it is a matter of common knowledge that in the operation of modern municipal lighting plants high tension wires are in common use. p. 122.

2. STREET RAILROADS.—*Negligence.—Suspending Trolley Wires from Electric Light Poles.—Action for Wrongful Death.—Complaint. —Judicial Notice.*—In an action against a street car company, a municipality and an electric light company for wrongful death of plaintiff's decedent, the complaint, charging negligence of the street car company in supporting its trolley wire by cross wires attached to an electric light pole used by the other defendants, so as to cause a high tension electric wire to come in contact with a low tension wire, and in knowingly permitting such dangerous situation to exist, etc., whereby decedent was electrocuted while performing his duties as an employe of defendant city, was not insufficient as against the street car company as not showing that it caused the escape of the electric current, since it is a matter of judicial knowledge that electric current will escape from a high tension wire coming in contact with one of low tension. p. 122.

3. STREET RAILROADS.—*Negligence.—Suspending Trolley Wire From Electric Light Poles.—Action for Wrongful Death.—Complaint.*—A complaint in an action for the death of an electric light employe by electrocution, caused by the negligence of a street car company in supporting its trolley wire by cross wires attached to an electric light pole so as to cause the two electric light wires to come together, and alleging that the street car company had been using the light poles for years in supporting its trolley wire, etc., was not

objectionable as not showing that the street car company had a right to interfere with the electric light wires for the purpose of remedying the dangerous condition, since the averments gave rise to a presumption of express or implied authority to use the light poles which also authorized the taking of proper measures to remedy a dangerous condition caused thereby. p. 122.

4. STREET RAILROADS.—*Negligence.—Action for Wrongful Death.— Proximate Cause.—Complaint.*—A complaint against a street car company, a municipality and an electric light company for the wrongful death of plaintiff's decedent, charging negligence of the street car company in supporting its trolley wire by cross wires attached to an electric light pole so as to cause the high tension wire of one of the other defendants to come in contact with the low tension wire of the other, and charging that all three defendants were negligent in knowingly permitting the dangerous condition to exist, etc., whereby decedent was electrocuted while in the employ of the defendant city, sufficiently averred facts to show that decedent's death was proximately caused by the negligence of the street car company concurring with that of the other two defendants. p. 122.

5. NEGLIGENCE.—*Action for Wrongful Death.—Complaint.*—The complaint in an action against a street car company, a municipality and an electric light company, for the death of plaintiff's decedent, charging negligence by the street car company in supporting its trolley wire by cross wires attached to an electric light pole so as to cause a wire of the light company to come in contact with a wire maintained by the city, whereby electricity escaped and electrocuted decedent, and alleging that for six months prior to the accident defendant light company permitted the dangerous condition to exist, etc., though alleging some matters by way of recital was sufficient as against the objections of the light company that it showed that decedent's death was caused by the affirmative and negligent act of the street car company over which the light company had no control, and that it did not allege that the contact of the wires resulted proximately from the negligence of the light company. p. 123.

6. APPEAL.—*Record.—Bill of Exceptions.—Time for Filing.*—Where the record shows that sixty days were originally granted for the filing of a bill of exceptions containing the evidence, and that within the time and at the succeeding term of court sixty days additional were granted on appellant's application, in the absence of appellee and counsel and without notice to appellee, the evidence could not be considered on appeal, since the extension of time was not properly procured and hence the bill was not properly in the record. p. 124.

7. APPEAL.—*Review.—Instructions.*—The court can not determine alleged error in relation to instructions in the absence of the evidence from the record. p. 125.

From Randolph Circuit Court; *James S. Engle*, Judge.

Action by Iva May Rau, administratrix of the estate of Ora Rau, deceased, against the Richmond Light, Heat and Power Company and others. From a judgment for plaintiff, the defendants appeal. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*W. H. Latta, Robbins & Robbins, Wm. A. Bond* and *Monks, Robbins, Starr & Goodrich*, for appellants.

. *Thomas J. Study* and *W. G. Parry*, for appellee.

. MORRIS, C. J.—Action for damages by appellee, Rau, administratrix, for death of her husband, alleged to have been caused by the negligence of appellant corporations. Appellants Richmond Light, Heat and Power Company, and Terre Haute, Indianapolis and Eastern Traction Company, severally demurred to the complaint, and each demurrer was overruled. These rulings are here assigned as error. Appellant, city of Richmond, filed no demurrer. Each appellant answered in general denial. Trial by jury, resulting in verdict and judgment against all appellants. The separate motion of each appellant for a new trial was overruled and each assigns as error the ruling on its motion.

The complaint alleges that for years prior to September 5, 1911, appellants city of Richmond, and Richmond Light, Heat and Power Company were each engaged in manufacturing, distributing and selling electric current for furnishing light and power to the city and inhabitants thereof, and that appellant, Terre Haute, Indianapolis and Eastern Traction Company, during the same time, was engaged in operating an electric street railway on the streets of the city; that the city and the light company, in supplying and distributing current for lighting, used

what is known as primary and secondary electric
wires, the former carrying a dangerous current of
2,200 volts, and the latter carrying a current of
only 110 volts, and supplying current to residences
and other places for lighting purposes; that these
wires were placed on cross arms, four feet long, fixed
to tops of poles about twenty-five feet high, planted
at the sides of streets, and these poles were used by
both appellants to carry their respective light wires;
that in the operation of their lighting plants these
appellants used, in common, a row of poles in the
west side of Sheridan Street; that appellant light
company had placed on the outer west ends of the
cross arms one of said primary wires carrying a
current of 2,200 volts while eighteen inches east
thereof, and west of the poles, on the same cross
arms, appellant city had placed one of its secondary
wires. It is further alleged that tracks of appel-
lant traction company were laid on Sheridan Street;
that it had an overhead trolley system, and its
trolley wire, in said street, was supported by means
of cross wires attached to the tops of the poles, on
the west side of the street; that the poles were
originally planted by one of the other appellants
for use in distributing electric light current, and were
small, frail and insufficient, and not adapted to sup-
porting and carrying the trolley wire; that appel-
lant traction company negligently attached its
cross wires supporting its trolley wire, to the poles,
and, because of the facts averred relating to size,
condition and planting of the poles, and because of
the weight of the trolley wire, and the swinging and
vibration, up and down, of the trolley, when cars
were in motion, said appellant negligently pulled
the tops of the poles to the east, particularly one
of the poles located immediately north of John
Street, and thereby negligently caused said elec-

tric light wires to come in contact with one another and with a taller telephone pole, standing immediately east of the line of the electric light poles, and at a point thirty feet north of the first electric light pole north of John Street, and thereby to destroy the insulation on the electric light wires in the vicinity of the telephone pole; that on September 5, 1911, and for six months prior thereto, the appellant traction company knew that its cross wires were attached to the poles as aforesaid, and that the poles were insufficient therefor and that they were carrying the wires of the other appellants for the purposes aforesaid; that appellants city and light company each negligently permitted the destruction of insulation of their wires, at the place, and had thereafter negligently permitted the two wires to rub against one another, and against the telephone pole; that all the appellants knew, before the accident to decedent, and in time to have repaired the light wires and in time to have avoided their contact with one another or with the telephone pole, that the insulation, at that point, was destroyed and that the two wires, bare of insulation, were there in contact with one another and with the telephone pole; that appellee's decedent had no knowledge of the conditions or facts.   It is further averred that on and prior to September 5, 1911, appellant city was furnishing electric light to one Martin at his residence, the current for which was transmitted over its secondary wire; that appellee's decedent was then and had long been, in said appellant's employ, engaged in work on its various lines, and was ordered to inspect the lighting appliances at the Martin residence; that while so engaged, the uninsulated portions of the two wires in Sheridan Street came in contact, and immediately the 2,200 volt current from the primary wire was conducted by the sec-

ondary wire to Martin's residence, and thence into Rau's body, causing his instant death.

On behalf of appellant traction company it is urged that the complaint is insufficient against it because there is no averment that it knew that either of these wires carried a high and dangerous voltage of electricity. The point is not well taken. It is a matter of common knowledge that, in the operation of modern municipal electric lighting plants, high tension wires are in common use. It is further claimed that while the complaint charges that appellant traction company negligently brought the bare electric wires in contact, it is not charged that it caused the escape of electric current from the high voltage wire to the other, "or that it caused the death of deceased". Courts judicially know that electric current will escape from a high tension wire when brought in contact with a low tension one. The cause of decedent's death is sufficiently averred.

It is also contended that no facts are averred showing the right of the traction company to interfere with the wires or poles of the other appellants, in making repairs or to do anything other than to abandon the use of the pole where the danger existed or quit running its cars on the street. The complaint alleges that this appellant had been using these poles for years. Express or implied authority from the other appellants for such use must be presumed from the nature and duration of the use. The right to use the poles authorized this appellant, without becoming a trespasser, to take proper measures to remedy a dangerous condition. It is urged that there is no allegation that the death was proximately caused by any negligence of appellant traction company. Without calling at-

tention to particular averments, it is sufficient to say that, in our judgment, the complaint sufficiently avers that Ora Rau's death was proximately caused by this appellant's negligence, concurring with that of the other two appellants. As against any objection urged we are satisfied that there was no error in overruling the separate demurrer of appellant, Terre Haute, Indianapolis and Eastern Traction Company.

Appellant, Richmond Light, Heat and Power Company, claims that no sufficient act of negligence is charged against it by the complaint— that on the other hand the positive averments thereof show that the contact of the wires was caused by the affirmative and negligent act of the traction company, and over which it had no control. We can not concur in such conclusion. The complaint alleges that for six months prior to the accident this appellant negligently permitted the two wires strung on poles used by all three appellants to come in contact with one another and the telephone pole and thus rub the insulation from the wires, and that it thereafter negligently permitted them to come in contact; that knowing such facts, it negligently failed to make any repairs or remedy the condition; that the death was proximately caused by a deadly current that escaped from the high tension wire when it came in contact with the other one. The charge was sufficient as against the objections urged. *South Bend Home Tel. Co.* v. *Beaning* (1914), 181 Ind. 586, 105 N. E. 52; *Valparaiso Lighting Co.* v. *Tyler* (1912), 177 Ind. 278, 96 N. E. 768; *Indianapolis Light, etc., Co.* v. *Dolby* (1911), 47 Ind. App. 406, 92 N. E. 739. Some matters are averred by way of recital only. It is contended that the facts must be positively and expressly alleged. *McElwaine-Richards Co.* v. *Wall*

(1902), 159 Ind. 557, 65 N. E. 753, and other cases are cited in support of the proposition. The complaint is subject to some criticism in this regard, and might possibly be insufficient under the authority of *McElwaine-Richards Co.* v. *Wall, supra.* However, that case was overruled in *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99, and we hold that the complaint here is sufficient as against the objection urged. It is claimed that the complaint fails to state a cause of action against the appellant light company because it does not allege that the contact of the wires resulted proximately from the negligence of appellant. While the immediate cause of the contact, as alleged, was the negligent act of the traction company, the dangerous condition was negligently permitted by this appellant to arise and continue, and it can not be justly held that this appellant's negligence was not a proximate cause of the fatal accident. *Davis* v. *Mercer Lumber Co.* (1905), 164 Ind. 413, 423, 73 N. E. 899. The complaint was sufficient to repel the demurrer of appellant light company.

Appellants seek to present various questions in relation to the giving and refusal of instructions, and further contend that the verdict is contrary to law and is not supported by sufficient evidence. At the threshold of this inquiry we are confronted by the claim of appellee that the evidence is not properly in the record and must be disregarded. Appellants' motions for a new trial were each overruled October 18, 1912, when sixty days' time was given to file a bill of exceptions containing the evidence. At the following term of court, on December 14, 1912, appellants filed a verified application for a sixty days' extension of the time for filing the bill, which

was forthwith granted. No notice was given appellee of the presentation or hearing of the application, and the same was determined in the absence of appellee and her counsel. The bill was subsequently filed on February 8, 1913. The matter of further extension of time was governed by the act approved March 3, 1911. Acts 1911 p. 193, §661 Burns 1914. A similar question was presented in *English* v. *English* (1915), 182 Ind. 675, 107 N. E. 547. On authority of that opinion it must be held here that the evidence is not properly in the record and must be disregarded. In the absence of the evidence

7.  it can not be held that there was error in regard to the instructions given or in relation to the refusal to give those tendered.

Neither appellant has shown any reversible error in the record, and the judgment is affirmed.

NOTE.—Reported in 110 N. E. 666. As to degree of care required generally of electric companies, see 100 Am. St. 516. As to liability for negligence with respect to electric current as affected by concurring negligence of third person, see 7 L. R. A. (N. S.) 293. On the duty to prevent contact of wires carrying electric current, see 52 L. R. A. (N. S.) 587. As to the liability of electric company for injuries resulting from one of its wires charging wire of other person or company, see 16 Ann. Cas. 1194. As to liability of municipal corporation for negligence in operation of electric light plant, see 9 Ann. Cas. 851; Ann. Cas. 1912 B 817. See, also, under (1) 15 Cyc 477; (2) 31 Cyc 47; (4) 29 Cyc 572, 573; (5) 29 Cyc 573; (6) 3 Cyc 42; (7) 3 Cyc 169.