## FOSTORIA OIL COMPANY *v.* GARDNER.

[No. 9,995. Filed October 7, 1919. Rehearing denied February 6, 1920.]

1. APPEAL.—*Review.—Ruling on Motion for Judgment on Interrogatories.—Scope of Review.*—In determining whether the trial court erred in overruling defendant's motion for judgment on the jury's answers to interrogatories, the general verdict for plaintiff must be viewed as a finding of every issuable fact in plaintiff's favor, and only the issues formed by the pleadings, the answers to interrogatories, and the general verdict may be considered; and the general verdict must prevail unless the answers to the interrogatories are in irreconcilable conflict therewith. p. 513.

2. APPEAL.—*Review.—Ruling on Motion for Judgment on Interrogatories.—Presumptions.*—In determining whether the trial court erred in overruling defendant's motion for judgment on the jury's answers to interrogatories, it is the duty of the court on appeal to search the pleadings to ascertain if, from any evidence possible under the issues, the answers to the interrogatories can be reconciled with the general verdict, and every reasonable presumption and inference deducible from the evidence

Fóstoria Oil Co. *v.* Gardner—72 Ind. App. 509.

which might have been admitted · in support of the general
verdict will be indulged in its favor. p. 514. ·

3. NEGLIGENCE.—*Proximate Cause.—Intervening Agency.*—The in-
tervention of an independent agency does not break the line
of causation so as to relieve the original wrongdoer where, by
the exercise of ordinary care, he should have foreseen such
intervening cause and guarded against the dangers likely to
result therefrom. p. 515.

4. APPEAL.—*Waiver of Error.—Briefs.*—An assignment of error is
waived by appellant's failure to mention it in the propositions
or points in its brief. p. 516.

5. APPEAL.—*Record.—Bill of Exceptions.—Time for Filing.*—Under
§661 Burns 1914, Acts 1911 p. 193, providing that a party desir-
ing a re-extension of time in which to file a bill of exceptions
containing the evidence shall make an application therefor under
oath showing that the statutory cause for such an extension
exists, and shall give the opposite party, or his attorney of
record, at least three days' notice of the time when, and place
where, the application will be heard, where the record fails
to show a compliance with such statutory requirements, an
order purporting to grant a re-extension of time for filing a
bill of exceptions containing the evidence is ineffective for that
purpose, such order merely reciting that the time for filing
had been extended to a certain date. p. 516.

6. APPEAL.—*Review.—Instructions.—Absence of Evidence from
Record.*—Where the evidence is not in the record, instructions
given cannot be regarded as erroneous unless they would be
improper under any state of facts admissible under the issues.
p. 517.

7. APPEAL.—*Review.—Refusal of Instructions.—Absence of Evi-
dence from Record.—Presumptions.*—Where the evidence is not
in the record, the court on appeal will presume that all in-
structions, properly tendered and not given, were correctly
refused because inapplicable to the case made by the evidence.
p. 518.

8. APPEAL.—*Review.—Denial of Motion in Arrest of Judgment.*—
The court did not err in overruling appellant's motion in arrest
of judgment, where the reasons assigned in support of the mo-
tion related to the sufficiency of the complaint, and appellant,·
by failure to demur, had waived all objections to the complaint.
p. 518.                                        •

From Jay Circuit Court; *Charles E. Schwartz,*
Special Judge.

Action by William M. Gardner against the Fostoria Oil Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*S. A. D. Whipple & Son,* for appellant.

*Frank B. Jaqua,* for appellee.

BATMAN, C. J.—This is an action by appellee against appellant for damages and an injunction. The complaint is in three paragraphs, which are of the same general tenor, each alleging in substance, among other things, that appellee was the owner of certain land in Jay county, Indiana; that appellant, for more than five years last past, had been operating wells on adjoining land, from which it had pumped salt water and oil, and caused the same to run into the ditches and drains on appellee's land; and that as a result thereof the underground drainage on his said land had become filled and obstructed so that it would not drain the same, to his damage. No demurrer was filed to the complaint, or either paragraph thereof. Appellant filed an answer in two paragraphs, the first being a general denial. The second admits that it operated wells on land adjoining appellee's farm, and alleges that said wells were originally free from either fresh or salt water, until after certain wells on appellee's land had been abandoned, the casing and tubing drawn therefrom, and the wells were allowed to remain unplugged or were improperly plugged; that after this had been done the water in said wells, both fresh and salt water, escaped therefrom and entered into the strata of rock in which oil is found and had been extracted through the wells operated by it on adjoining land; that the amount of such water is constantly increasing, and that he cannot produce oil from his said wells without extracting more or less water; that he has only

extracted water and oil from his said wells, and that he has not directly or indirectly deposited upon appellee's land, or in any tile drain therein, any material except that which may have reached the same through the open drain or side ditch along the adjacent highway; that it would be impossible to conduct the water from his said wells to any point where it would not reach appellee's said land, without incurring an expense which would render the operation of his said wells impracticable.

To said second paragraph of answer appellee filed a reply in general denial. Appellant also filed a cross-complaint against appellee, based substantially on the same facts stated in its second paragraph of answer, by which it sought to recover damages against appellee and an injunction. Appellee answered said cross-complaint by a general denial.

The cause was submitted to a jury for trial, resulting in a verdict in favor of appellee on both the complaint and cross-complaint. With its general verdict the jury returned its answers to certain interrogatories submitted by the court. Appellant filed a motion for judgment in its favor on the answer to the interrogatories notwithstanding the general verdict, which was overruled. It also filed a motion for a *venire de novo,* which was overruled. It then filed a motion and written reasons for a new trial, which was likewise overruled. This action of the court was followed by a motion on the part of appellant in arrest of judgment, which was overruled. The court then rendered judgment in favor of appellee for $350 and costs. Appellant then filed a motion to set aside the judgment, which was overruled, and now prosecutes this appeal, having assigned errors in this court as hereinafter indicated.

Appellant contends that the court erred in overruling its motion for judgment on the answers to the interrogatories notwithstanding the general verdict. In determining this contention it should be borne in mind that the general verdict must be viewed as a finding of every issuable fact in appellee's favor; that we may consider only the issues formed by the pleadings, the answers to the interrogatories, and the general verdict; and that the general verdict must prevail, unless the answers to the interrogatories are in irreconcilable conflict therewith. *Kokomo Steel, etc., Co.* v. *Carson* (1919), 69 Ind. App. 523, 119 N. E. 224. It follows that we must accept the general verdict as a finding of the following material facts alleged in the complaint: That appellant, for more than five years last past, has been pumping salt water and oil from land adjacent to appellee's farm, and has been causing the same to run into the ditches and drains thereon, and by reason thereof has filled up the drain tile on appellee's land, so that the water therefrom would not run off, but would back up and stand thereon; that by reason of the obstruction of the drainage on appellee's said land, as aforesaid, and the casting of salt water and oil thereon by appellant, the crops on said land have been destroyed each year during the last five years. As against this finding appellant cites the answers to certain interrogatories which find that the tile drain forming the outlet to appellee's land was sunk ten inches below the grade line at a point below his said land; that the sinking of said tile caused the same at that point to be filled with sediment; and that appellee's crops were destroyed because the tile, forming the outlet to his land, was entirely closed and clogged by the sediment

found therein, at a point below his said land. Appellant contends that the answers to these interrogatories are in irreconcilable conflict with the general verdict on the question of the proximate cause of appellee's damages, as they show that the sinking of the drain tile below appellee's land, for which appellant was in no way responsible, was the proximate cause of such damages. In this connection we note that the jury did not find by answer to any interrogatory that appellant was not responsible for, or did not contribute to, the sinking of said drain tile. We also note that the jury found, in answer to an interrogatory submitted, that had the drain tile, forming the outlet to appellee's land, been constructed and remained upon a proper uniform grade, the sediment found therein would have stopped up, or interfered with, its service in properly draining appellee's land. Appellee urges with much plausibility that this finding has the effect of nullifying the answer to the interrogatory, which finds that the sinking of the tile below appellee's land caused the same, at that point, to be filled with sediment, and hence both of such findings should be disregarded.

But aside from this, we are bound by the well-settled rule that, in passing on a motion of the kind under consideration, it is the duty of this court to search the pleadings to see if, from any evidence possible under the issues, the answers to the interrogatories can be reconciled with the general verdict, and every reasonable presumption and inference deducible from the evidence which might have been admitted in support of the general verdict will be indulged in its favor. *Evansville, etc., R. Co.* v. *Scott* (1918), 67 Ind. App. 121, 114 N. E. 649;

*Osborn* v. *Adams Brick Co.* (1913), 52 Ind. App. 175, 99 N. E. 530, 100 N. E. 472.

Applying this rule to the issues in this case, we find that it would have been competent for appellee to have submitted evidence to show that the drain tile, which the jury finds had sunk below the grade line, was not on appellee's land, and that he was not responsible for either its construction or maintenance; that appellee had no knowledge that the same had sunk, but that appellant had such knowledge and, notwithstanding such fact, continued to discharge its salt water and oil from its wells so that it would run therein, or that the soil in which said drain tile was constructed was of such a character that it was liable to allow such tile to sink, and thereby become less effective for drainage purpose; that, by reason of such knowledge, appellant should have foreseen that the damage which appellee had sustained therefrom would likely occur, but, notwithstanding such fact, he continued to discharge the salt water and oil from its said wells in such manner as to run into appellee's said drain and upon and over his said land. Under such circumstances it cannot be said that the sinking of the drain tile in question, even if it caused the tile to fill with sediment at that place, necessarily relieved appellant from liability for his wrongful acts. The rule applicable to such a state of facts has been stated as follows: The intervention of an independent agency does not break the line of causation so as to relieve the original wrongdoer in a case where, by the exercise of ordinary care, the original wrongdoer should have foreseen such intervening cause and guarded against the danger likely to result therefrom. *Cleveland, etc., R. Co.* v. *Clark* (1912), 51

Ind. App. 392, 97 N. E. 822; *Belt, R., etc., Co.* v. *Mc-Clain* (1915), 58 Ind. App. 171, 106 N. E. 742; *Terre Haute, etc., Traction Co.* v. *Hunter* (1916), 62 Ind. App. 399, 111 N. E. 344. For the reasons stated, we conclude that appellant's contention with reference to its motion for judgment on the answers to the interrogatories notwithstanding the general verdict is not well taken, and that the court did not err in overruling such motion.

Appellant has assigned the action of the court in overruling its motion for a *venire de novo* as one of the errors on which it relies for a reversal, but, 4. as it has failed to mention such error in its propositions or points, it is deemed waived on appeal. *Kemery* v. *Zeigler* (1915), 184 Ind. 144, 109 N. E. 774.

Appellant, in its motion for a new trial, has assigned seventeen reasons therefor. A determination of the questions raised by the first, third and 5. fourth reasons so assigned would require a consideration of the evidence, which appellee contends is not in the record. An examination discloses that appellant's motion for a new trial was overruled on February 13, 1917, the same being a day during the December term, 1916, of the Jay Circuit Court. At the time said motion was overruled appellant prayed an appeal, and was given sixty days in which to file its general bill of exceptions. The record shows that such bill of exceptions was not filed until May 31, 1917, being a day during the May term of said court in said year. It is thus apparent that the evidence is not in the record unless the time for filing such bill of exceptions was re-extended as provided in §661 Burns 1914, Acts 1911 p. 193. The record dis-

closes that on March 13, 1917, the trial court made the following entry in this cause: "And the time for the defendant to file its general bill of exceptions is extended to and including June 4, 1917." This is the only fact disclosed by the record in that regard. The statute requires that a party desiring a re-extension of time in which to file a bill of exceptions containing the evidence shall make an application therefor under oath showing that the statutory cause for such an extension exists, and shall give the opposite party, or his attorneys of record, at least three days' notice of the time when, and place where, said application will be heard. As the record fails to show a compliance with the statute in the particulars named, we are forced to hold that the order purporting to grant a re-extension of time for filing the bill of exceptions containing the evidence was ineffective for such purpose. *English* v. *English* (1914), 182 Ind. 675, 107 N. E. 547; *Richmond Light, etc., Co.* v. *Rau* (1915), 184 Ind. 117, 110 N. E. 666; *Pritchard* v. *Mines* (1916), 61 Ind. App. 203, 111 N. E. 804; *Fort Wayne, etc., Traction Co.* v. *Kumb* (1917), 64 Ind. App. 529, 116 N. E. 309. The evidence not being in the record, appellant's said first, third and fourth reasons for a new trial cannot be considered.

Appellant's reasons for a new trial numbered from five to sixteen inclusive relate to the action of the court in giving and refusing to give certain

6. instructions. It is well settled that, where the evidence is not in the record, instructions given by the court cannot be regarded as erroneous unless they would be improper under any state of facts admissible under the issues. *DeHart* v. *Board, etc.* (1896), 143 Ind. 363, 41 N. E. 825; *Wersich* v. *Phelps*

(1917), 186 Ind. 290, 116 N. E. 49. Applying this rule, as we must, to such of the instructions given as are mentioned by appellant in its propositions or points, we cannot say that the court erred in giving the same.

Respecting the instructions refused it suffices to say that the rule is well settled that, where the evidence is not in the record, it is our duty to pre-7.  sume in favor of the ruling of the trial court and to that end to assume that all instructions properly tendered and not given were correctly refused because they were not applicable to the case made by the evidence. *Mace* v. *Clark* (1908), 42 Ind. App. 506, 85 N. E. 1049; *Fairbanks* v. *Warrum* (1914), 56 Ind. App. 337, 104 N. E. 983, 1141; *Herald Pub. Co.* v. *State, ex rel.* (1917), 63 Ind. App. 465, 114 N. E. 703. The second reason assigned for a new trial is never proper in an action in tort, and the seventeenth reason is not a recognized cause for a new trial. We conclude that the record fails to show that the court erred in overruling appellant's motion for a new trial.

The next error relied on by appellant is based on the action of the court in overruling appellant's motion in arrest of judgment. The twenty-four 8.  reasons assigned in support of said motion all relate to the sufficiency of the complaint. Therefore the court did not err in overruling said motion, as all objections to the complaint were waived by a failure to demur thereto. *Hedekin Land, etc., Co.* v. *Campbell* (1916), 184 Ind. 643, 112 N. E. 97.

Appellant finally contends that the court erred in overruling its motion to set aside the judgment. As grounds for such motion it alleges that the judgment is not supported by the special verdict; that appellant is entitled to a judgment on the special verdict;

and that the judgment is contrary to the special verdict. In making 'this contention appellant has evidently improperly used the term "special verdict" in referring to the answers to the interrogatories returned by the jury with its general verdict, but, regardless of this misnomer, it is apparent from what we have said in passing on the action of the court in overruling appellant's motion for judgment on the answers to the interrogatories notwithstanding the general verdict that the court did not err in overruling the motion under consideration.

We find no error in the record. Judgment affirmed.