WYETH ET AL. *v.* ELDIN ET AL.

[No. 11,057. Filed December 7, 1921. Rehearing denied April 6, 1922. Transfer denied June 21, 1922.]

1. APPEAL.—*Parties.*—*Entry Making Parties Plaintiff.*—Where the court, on petition of "S. D. *et al.*" to be made parties plaintiff, entered an order reciting that it "sustains said motion, and said S. D. *et al.* are made parties plaintiff herein," S. D. alone became a party plaintiff, as the word "et al." following his name did not have the effect of making the court's entry apply to any other persons. p. 403.

2. EXCEPTIONS, BILL OF.—*Re-Extension of Time for Filing.*— *Notice of Hearing on Application.*—*Statutes.*— Under §661 Burns 1914, Acts 1911 p. 193, providing that a party asking a re-extension of time to file a bill of exceptions shall give the opposite party or his attorney of record at least three days notice of the time and place of the hearing on the application, and that such application be made and the hearing set for a day prior to the expiration of the time first given, a notice served two days before the day immediately prior to that on

which the time first given expired, was too late, and an extension granted on the day following such notice was ineffective. p. 404.

From Boone Circuit Court; *Ernest D. Cloe,* Special Judge.

Action by Frank L. Wyeth and others against Lora E. Eldin and others. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*Ira M. Sharp,* for appellants.

*Edward C. Gullion, Edgar M. Blessing, Joseph W. Hutchinson* and *R. W. Adney,* for appellees.

BATMAN, J.—This appeal involves a judgment that appellants take nothing by their complaint, that a certain restraining order theretofore issued be dissolved, and that appellees recover of appellants their costs. A motion for a new trial was overruled, and this action of the court constitutes the sole error assigned. Appellees contend that this court is without jurisdiction, as appellants have failed to make a number of the parties to the judgment, parties to the appeal. There are about 414 appellants and about eighty-one appellees named in the assignment of errors. Appellees have given the names of eleven other persons who they claim should have been made parties to the appeal. We find that the cause was dismissed as to five of this number prior to the rendition of the judgment, and that one of the remaining six is evidently named as an appellant by a slight variation in name. None of the remaining five were parties to the action in the court below. We base this statement on the following facts disclosed by the record. Said five persons were not named as parties in the complaint, as originally filed, and their names were never inserted therein by way of an amendment.

However, we find the following entry, made more

than a year after the original complaint was filed, by
    which appellees claim they became parties plain-
1.  tiff.   "Come the parties herein and by counsel
    *   *   *   and Stephen Dale et al. file petition to
be made parties plaintiff to this suit, which reads as
follows:   (Here follows petition, containing the names
of about 412 persons as petitioners).   And the court
being duly advised sustains said motion, and said
Stephen Dale et al. are made parties plaintiff herein,
to which defendants except, and the court being fully
advised sustains said exception."   In view of §655
Burns 1914, §625 R. S. 1881, which defines an exception
as being "an objection taken to a decision of the court
upon a matter of law," it is apparent that this entry is
self-contradictory.   But aside from such contradiction,
and construing it most favorably in support of appel-
lees' contention, it cannot be said that any person, other
than the said Stephen Dale, thereby became a party
plaintiff in this action.   This is true for the reason,
that the Latin words *et al.,* following his name, do not
have the effect of making said entry apply to any other
persons.   The reasons for this conclusion may be found
in the following decisions. *Bonham* v. *McGeath* (1901),
27 Ind. App. 436, 61 N. E. 688; *Mutual, etc., Co.* v. *Dick-
inson* (1900), 112 Ga. 469, 37 S. E. 713; *Meanor* v.
*Goldsmith* (1907), 216 Pa. 489, 65 Atl. 1084, 10 L. R. A.
(N. S.) 342; *Saddler* v. *Smith* (1907), 54 Fla. 671, 45
So. 718, 14 Ann. Cas. 570; *Swift* v. *Thomas* (1897), 101
Ga. 89, 28 S. E. 618; *Breidenthal* v. *McKenna* (1850),
14 Pa. 160; *Lyman* v. *Milton* (1872), 44 Cal. 630.   In
this connection it will be observed that Stephen Dale is
named as an appellant in the assignment of errors.   We
conclude that appellees' contention as to the question of
this court's jurisdiction is not well taken.

Appellees make the further contention, that there is
no bill of exceptions containing the evidence properly

in the record, and, therefore, if this court has
2.   jurisdiction, there is no question presented for
our determination, as all questions which appel-
lants have attempted to present require a consideration
of the evidence, or the action of the court in ruling on
its admission.   As bearing on this question we note that
appellants' motion for a new trial was overruled on De-
cember 2, 1919, at which time they were given ninety
days in which to file all bills of exceptions.   Appellants
do not claim that the bill of exceptions in question was
filed within the time given, but assert that the time for
filing the same was properly re-extended in pursuance
of the provisions of §661 Burns 1914, Acts 1911 p. 193,
and that it was duly filed within said re-extended time.
The record discloses the following facts pertinent to this
contention.   On February 28, 1920, appellants filed their
verified petition for a re-extension of the time in which
to file a bill of exceptions containing the evidence.   This
petition was accompanied by the affidavit of the official
reporter, and by a notice served on the attorneys of ap-
pellees on February 27, 1920.   This notice stated that
appellants would file and present said petition to the
trial judge on February 28, 1920, and that the same
would be heard at or about 4:30 o'clock on said date at
the court room in the city of Lebanon, Indiana, or at
such date and time after said hour as counsel could be
heard.   On February 28, 1920, the court made the fol-
lowing ruling on said petition:   "And the court sustains
said motion and grants an extension of time of thirty
days in which to file said exceptions."   Thereafter on
March 20, 1920, the bill of exceptions containing the evi-
dence, found in the record, was filed.   It is apparent,
that the re-extension of time on which appellants rely
must have been made pursuant to said §661 Burns 1914,
supra, in order to be effective.   Said section contains,
among others, the following provisions:   "Provided,

That party asking such re-extension of time shall give the opposite party or his attorneys of record at least three days' notice of the time when and the place where said applications would be heard: and, Provided further, That the application must be made and the time for the hearing thereof set for a day prior to the expiration of the time first given." It has been held that an extension of time under said section without notice is ineffective. *Pritchard* v. *Mines* (1916), 61 Ind. App. 203, 111 N. E. 804; *English* v. *English* (1915), 182 Ind. 675, 107 N. E. 547; *Richmond Light, etc., Co.* v. *Rau* (1915), 184 Ind. 117, 110 N. E. 666; *Fauvre Coal Co.* v. *Kushner* (1919), 188 Ind. 314, 123 N. E. 409; *Fostoria Oil Co.* v. *Gardner* (1919), 72 Ind. App. 509, 124 N. E. 467. If this be true, what notice must be given? Clearly, that provided by the section itself, viz.: not less than three days. In this case there was only a one-day notice. Surely the explicit provisions of the statute cannot be thus disregarded, and an order of extension still be effective. If a party seeking to perfect an appeal may ignore the express provision of the statute and determine the time of notice for himself, may he not serve it on the same day the order is procured and still claim that it should be effective? It will be presumed that the legislature had some useful purpose in mind, when it fixed the time for such notice, and it is our duty to apply the provision as written. It will be observed that the time for filing the bill of exceptions, as originally given, expired on March 1, 1920. The above section provides that the application for the extension "must be made, and the time for the hearing thereof set for a day prior to the expiration of the time first given." The last day for a hearing on said petition, therefore was February 29, 1920. The notice, however, was not served until February 27, 1920, which was too late to take the steps prescribed by statute in order to

obtain an effective re-extension of time within which to file such bill of exceptions. As tending to support the conclusion we have reached, see the following decisions of this court. *King-Crowther Corp.* v. *Ashcraft* (1916), 60 Ind. App. 412, 110 N. E. 998; *Fort Wayne, etc., Traction Co.* v. *Kumb* (1917), 64 Ind. App. 529, 116 N. E. 309. It follows that appellee's contention, that the bill of exceptions containing the evidence is not properly in the record, and therefore no question is presented for consideration, must be sustained. For the reason stated, the judgment is affirmed.