## MYERS, AUDITOR, ET AL. *v.* WILSON ET AL.

[No. 11,731.   Filed November 13, 1923.]

1. TAXATION.—*Assessment.—Review by State Tax Commissioners.—Notice.—Sufficiency.—Statutes.*—Under §10139h7 Burns' Supp. 1921, Acts 1919 p. 198, authorizing the State Board of Tax Commissioners to review assessments of property within the state, and §10139b7 Burns' Supp. 1921, Acts 1919 p. 198 providing that notice be given of the time of review before any increase in assessment of individual taxpayers, *held* that under §36 of the tax law (§10139k1 Burns' Supp. 1921, Acts 1919 p. 198) a letter addressed to the heirs of a certain person and received by one of such heirs, was sufficient notice to authorize an increase, though other cotenants were not notified, since each heir or devisee shall be liable for the whole of such tax and it may be listed to the heirs or devisees without designating their names until notice to the auditor of the division and allotment.  pp. 460, 465.

2. TAXATION.— *Assessments.— Statutes.— Construction.*— The power to assess is summary, and to secure uniform and just taxation assessment statutes should be liberally interpreted in and of the taxing power.  p. 464.

3. TAXATION.—*Assessment.—Review by State Tax Commissioners.—Undivided Estates.—Notice.—Statutes.*—Under §10139b7 Burns' Supp. 1921, Acts 1919 p. 198, requiring that notice be given of a hearing or review to increase the assessment of individual taxpayers, *held* a notice, to review assessment of property, addressed to J. B. W. Heirs *et al.* by the State Board of Tax Commissioners and received by one of the heirs of J. B. W. was properly addressed, since under §10139k1 Burns' Supp. 1921, Acts 1919 p. 198 each heir or devisee was liable for the whole of the taxes on undivided estate; the Latin words *"et al."* being mere surplusage.  p. 467.

From Daviess Circuit Court; *Milton S. Hastings,* Judge.

Action by James W. Wilson and others against Daniel I. Meyers, as Auditor of Daviess county, Indiana, and others.  From a judgment for plaintiff, the defendants appeal.  *Reversed.*

*C. K. Tharp* and *Philip Zoercher,* for appellants.
*Allen, Hastings & Allen,* for appellee.

BATMAN, J.—This is an action by appellees, seeking to enjoin the collection of a tax on the amount of an increase in the assessment of certain real estate, made by the State Board of Tax Commissioners. The complaint is in a single paragraph and is based on an alleged failure on the part of said board to give the notice required by section 183 of the tax law of 1919 (§10139b7 Burns' Supp. 1921, Acts 1919 p. 198). Appellants filed a demurrer thereto for want of facts, which was overruled. The issues were then closed by an answer in general denial. A trial resulted in a judgment in favor of appellees. Appellants filed a motion for a new trial, which was overruled, and this appeal followed.

Appellants base their contention that the court erred in overruling their demurrer to the complaint on the sole ground, as disclosed by the memorandum filed therewith, that it is not alleged that the assessment, as increased by the State Board of Tax Commissioners, is in excess of the true cash value of the property in question. In our opinion the facts directly averred, when taken in connection with the reasonable inferences deducible therefrom, are sufficient to meet the objection stated, and hence we hold that the contention under consideration cannot be sustained.

Appellants contend that the court erred in overruling their motion for a new trial, in which it is alleged that

1. the decision of the court is not sustained by sufficient evidence, and is contrary to law. It appears clear to us from an examination of the record that this contention must be sustained, unless the evidence discloses that the State Board of Tax Commissioners was without authority to make the increase in the assessment. In this connnection we note that §189 of the tax law of 1919 provides as follows: "The state board of tax commissioners, if it is dissatisfied with the

action of the county board of review, upon any original assessment, or with the assessment made by any township or county assessor as passed by the county board of review, shall have the right, at any time before the adjournment of its third session, to require the county auditor to certify for review and reassessment, any assessment or assessments made." §10139h7 Burns' Supp. 1921, Acts 1919 p. 198.

No increase in the assessments of individual taxpayers can be made, however, unless notice is given as provided in section 183 of said law, or the same is waived. The provisions of said section are as follows:

"It shall be the duty of the state board of tax commissioners to give notice to the taxpayers whose assessments on order of said board have been certified by the county auditor to the state board of tax commissioners for review and reassessment of the time, place and object of a hearing upon such assessments by letter signed by one of said board and enclosed in a sealed envelope with full prepaid postage addressed to said taxpayer at his usual place of residence which said notice shall fix a time for hearing at least eighteen days after the date said letter is mailed." §10139b7 Burns' Supp. 1921, *supra.*

The undisputed facts, relating to such notice, and a waiver thereof by appellees, are as follows: Some years ago one Thomas Wilson, now deceased, was the owner of the property in question, which is located in Washington, Daviess county, Indiana. At his death it passed by inheritance to his four sons, James W., John B., Joseph and Thomas. The last named sold and conveyed his interest to his three brothers. John B. Wilson afterwards died, and his interest passed by inheritance to his five daughters, Edith Ray, Ida M. Schmidt, Nettie Joseph, Lena McAdams and Jennie. M. Wilson. The last named purchased the interests of her four sisters,

took their deeds therefor, and caused the same to be duly recorded. Joseph Wilson also died, and his interest passed to his widow, Eunice H. Wilson. As a result of the facts stated, the real estate in question was owned by appellees, James Wilson, Jennie M. Wilson and Eunice H. Wilson, in the year 1922, as tenants in common, each owning an undivided one-third thereof. In the year named the assessor for the township in which said real estate is located, assessed the same for taxation in the name of John B. Wilson et al. at the sum of $35,300, which assessment was thereafter changed to $32,025 by the county board of review. Thereafter the State Board of Tax Commissioners caused the county auditor to certify said assessment, as changed by said board of review, to it for review and reassessment. Thereupon said commissioners caused a timely notice to be prepared, in conformity to said section 183, §10139b7 Burns' Supp. 1921, *supra,* and sent by mail to Washington, Indiana, addressed to John B. Wilson Heirs. Said notice named December 1, 1922, as the day on which said assessment would be reviewed at the office of said commissioners in the state house in Indianapolis, Indiana, and contained the following statement, among others: "For your convenience, if you wish to waive the statutory notice, a hearing in said matter may be held at the office of the County Auditor in your county at 11:00 a.m. on November 29, 1922." Appellee Jennie M. Wilson, received this notice a few days prior to November 29, 1922, on which day she, together with appellee, James M. Wilson, appeared at the court house in Washington, Indiana, and was introduced by the county treasurer to a representative of the State Board of Tax Commissioners, who was present to hear any taxpayers concerning the reassessment of their property. She held a brief conference with such

representative with reference to a reassessment of the property in question.   Appellee James W. Wilson was present to get a reduction from the amount of the assessment fixed by the county board of review, but took no part in such conference, and did not hear anything that was said because of partial deafness.   After the expiration of the time fixed for a hearing, as stated in said notice, the State Board of Tax Commissioners reassessed the property, in the name of John B. Wilson Heirs et al., at the sum of $35,300, certified the same to the auditor of Daviess county, and mailed notice of its action to John B. Wilson Heirs et al., addressed to Washington, Indiana.

We understand appellees' contention to be, that before the State Board of Tax Commissioners could acquire authority to reassess their property, it was necessary that a notice be sent to each of them by virtue of said section 183, Acts 1919 p. 198, *supra,* in the absence of a waiver thereof on their part.   In considering this contention we must bear in mind that we are not dealing with an action in court, but with taxation by the state, administered through designated officers.   *Buck* v. *Miller, Treasurer* (1896), 147 Ind. 586, 45 N. E. 647, 47 N. E. 8, 37 L. R. A. 384, 62 Am. St. 436; *Board, etc.* v. *Adler* (1922), 77 Ind. App. 296, 133 N. E. 602. As said in the case last cited:   "Taxation is a subject peculiarly within the province of the legislative department of our state government.   Subject only to constitutional provisions, the legislature has the exclusive power to devise the plan of taxation; to prescribe the method by which property shall be listed and valued; to fix the rate for state purposes; to designate the manner in which and the agencies by whom the rates shall be fixed for counties, townships, and municipal corporations; to designate the officers by whom, the time

within which, and the manner in which the taxes shall be collected; and to say who shall have the custody of the funds and how the funds shall be disbursed."

Therefore we need only look to the statute to ascertain who must have notice, under the facts of this case, in order to confer authority on the State Board of Tax Commissioners to reassess the property in question. Said §183 (Acts 1919 p. 198, *supra*) provides that the taxpayers, whose assessments are to be reviewed, shall have the notice therein prescribed.  In an ordinary case of ownership by a single individual, no difficulty would arise in determining to whom the notice should be given.   The legislature realized, however, that difficulties would arise where the real state of a decedent passed to his heirs or devisees, through inheritance or by will, and sought to obviate the same by making the following provisions:  "The undivided real estate of any deceased person, not in control of an executor or administrator, may be listed to the heirs or devisees of such person, without designating any of the heirs or devisees by name, until they shall have given notice to the auditor of the county or counties in which such real estate is situated, of the division of the same and the names of the several heirs or devisees, and the proportions allotted to each, *and each heir or devisee shall be liable for the whole of such tax* and shall have a right to recover of the other heirs or devisees their respective proportions thereof, when paid by him; and interest thereon, and the lien for the proportion of taxes paid on the different shares of the land shall vest in the person who pays the taxes." (Our italics) §36, Acts 1919 p. 198, §10139k1 Burns' Supp. 1921.

In construing this section of the statute it must be borne in mind, as said in the case of *Reynolds,*
2.   *Auditor,* v. *Bowen, Admr.* (1894), 138 Ind. 434, 36 N. E. 756, 37 N. E. 962: "The power to as-

sess is a summary power; and, to secure uniform and just taxation, and protect the revenues of the State, both as to unscrupulous and dishonest evasion of the law, and also in the interests of honest taxpayers, it is necessary that assessment statutes should be liberally interpreted in aid of the taxing power." See, also, *Pittsburgh, etc., R. Co.* v. *Backus, Treas.* (1893), 133 Ind. 625, 33 N. E. 432; *Graham* v. *Russell, Aud.* (1899), 152 Ind. 186, 52 N. E. 806; *Hunter Stone Co.* v. *Woodard* (1899), 152 Ind. 474, 53 N. E. 947; *Fell* v. *West* (1905), 35 Ind. App. 20, 73 N. E. 719; *State* v. *Taylor* (1871), 35 N. J. Law 184.

It will be observed that express authority is conferred to assess the undivided real estate of any deceased person, not in the control of an executor or administrator, "to the heirs or devisees of such person, without designating any of the heirs or devisees by name," until after notice to the county auditor, as stated. It will also be observed that, until a division of such real estate is made and the prescribed notice given, *each heir or devisee shall be liable for the whole of the tax on such real estate.* This provision makes it clear, that the legislature intended that, as to all undivided real estate, held by heirs or devisees, that each one thereof should be considered a taxpayer for the whole, and not for his undivided interest therein. This being true it follows, as a fair implication, that authority is conferred to assess the whole of such real estate to any one of such heirs or devisees, as the taxpayer thereof, or to anyone acquiring the interest of any such heir or devisees through descent or by conveyance.

Having reached the conclusion announced as to said §36, (Acts 1919 p. 198, *supra*) we will now apply the same to the instant case, under the facts stated. It will be observed that the real estate

1.

in question was formerly owned by Thomas Wilson, and that it is now held in an undivided state by his heirs, or those who have succeeded to their interests through the laws of descent, or by deeds of conveyance. One of such owners is the appellee, Jennie M. Wilson, who has acquired by inheritance and through purchase from her sisters, all of the interest in said real estate held by her father, John B. Wilson, as an heir of Thomas Wilson and through purchase from one of his brothers. She was, therefore, by virtue of said §36, Acts 1919 p. 198, *supra*, liable for the whole of the tax on the property in question, and, in the eyes of the law, as far as concerns the duty of the State Board of Tax Commissioners to give notice of its intention to review the assessment in question, was the taxpayer thereof, within the meaning of said §183 (Acts 1919 p. 198, *supra*). This being true, the timely notice received by her sufficed to confer authority on said commissioners to reassess the property, although neither of her cotenants received any such notice. Like authority might have been acquired by giving such notice to either one of the other cotenants, but notice to all was not necessary, under the facts of this case, by reason of the provisions of said §36 (Acts 1919 p. 198, *supra*). If it were otherwise, the State Board of Tax Commissioners could never proceed safely in any case involving the reassessment of real estate, which has descended to heirs or devisees, without sending out a special investigator to ascertain the facts, and having an abstract of title brought down to date. Evidently this was not the intention of the legislature, as it would make the reassessment of the property of individuals by such commissioners so cumbersome and expensive as to render it impracticable.

No valid objections to the reassessment can be based on the fact that the notice was directed to John B.

Wilson Heirs and the same was made in the
3. name of John B. Wilson Heirs et al. Under the
facts stated, and the provisions of said §36 (Acts
1919 p. 198, *supra*), the property might have been as-
sessed to Thomas Wilson's Heirs, or it might have been
assessed to John B. Wilson's Heirs, as John B. inher-
ited an interest therein from his father, Thomas, and
thereby became liable for the whole of the tax thereon.
The notice was addressed, therefore, in a form in which
an assessment is expressly authorized by said section,
and reached a proper party in due time. This was suf-
ficient. We treat the latin words "et al.," in the name
under which the reassessment was made, as surplusage,
which leaves it in a form provided by statute. *Wyeth*
v. *Eldin* (1921), 78 Ind. App. 401, 133 N. E. 38. Hav-
ing reached the conclusion stated, we need not consider
the question of waiver of notice presented by appel-
lants, which the facts tend strongly to support. *Inter-
national Building, etc., Assn.* v. *Board, etc.* (1902),
30 Ind. App. 12, 65 N. E. 297.

For the reasons stated, we hold that the court erred
in overruling appellants' motion for a new trial. Judg-
ment reversed, with instructions to the trial court to
sustain said motion, and for further proceedings con-
sistent with this opinion.