INDIANAPOLIS BIBLE INSTITUTE *v.* KIDDEY ET AL.

[No. 14,616. Filed December 13, 1933. Rehearing denied April 27, 1934.]

*Anderson, Mayfield & Rynerson* and *J. E. McDonald,* for appellant.

*Martin M. Hugg* and *Clancy & Roller,* for appellee.

BRIDWELL, P. J.—Appellee, Lila M. Kiddey, filed her

complaint against appellant to recover an amount contributed by her to a fund raised and held by appellant, and designated as a Building Fund, and to have a receiver appointed to take charge of all assets of appellant and "wind up its affairs." Appellant filed a demurrer to the complaint which was overruled and appellant excepted. Appellant thereafter filed its answer in two paragraphs, the first a general denial, the second alleging in substance that appellant is a charitable organization supported by voluntary contributions from the public, and members of the corporation; that its objects are "the giving of religious instructions, training in religious work, conducting a school for the study of the Bible, and religious, evangelistic, civic, educational, charitable, missionary, musical, literary and benevolent purposes;" that it is still active and is still soliciting funds, and has a large number of students and members who desire it to continue its work and "protect and perpetuate" all its funds, including the Building Fund. The sufficiency of the second paragraph of answer was not tested by a demurrer. After the filing of the answer appellee, John H. Rader, upon request, was allowed to and did file his intervening petition wherein he alleged in substance that he subscribed and paid $400 to the Building Fund of appellant; that said Building Fund was a trust fund; that appellant received the monies placed therein during a campaign to raise funds to acquire a home or building for appellant; that the accomplishment of the purpose for which the subscription was made and paid has been abandoned and that said Building Fund is in danger of being wasted; that demand has been made on appellant for the return of said Building Fund to the subscribers thereto, but appellant neglects, fails, and refuses to do so. This petition requests that a receiver be appointed to take charge of

said Building Fund and that distribution thereof be ordered made to the persons paying their subscriptions into said fund. The action brought was on behalf of appellees and all others similarly situated, it being alleged that the plaintiff (appellee Kiddey) is one of many persons who subscribed and paid to said fund, and that the parties so doing are "so numerous that it is impossible to bring them all before the court in this action." The cause was submitted to the court for trial, and in due course there was a decision and judgment in favor of the appellees declaring the "Building Fund" a trust fund held by appellant for the benefit of the donors thereto, finding the amount each of the appellees was entitled to recover, appointing a receiver to take charge of said fund with instructions to said receiver that he obtain as full and complete a list as possible of the donors to said fund, and report same to the court for instructions and further orders. The receiver appointed qualified for the discharge of his duties. Appellant filed its motion for a new trial stating as causes therefor that the finding and decision of the court is not sustained by sufficient evidence, and is contrary to law. This motion was overruled and appellant excepted. This appeal followed, appellant assigning as error that the court erred in overruling its demurrer to the complaint, and erred in overruling its motion for a new trial.

The complaint is lengthy and we deem it unnecessary to set it out in full. It is therein averred in substance that appellant is a corporation organized under and pursuant to the laws of this state; that the business conducted by said corporation has been that of furnishing biblical instructions to students for enrollment fees; that appellant, by its board of directors, did, in the year of 1925, decide and determine to enter upon a cam-

paign for the raising of a fund by public subscriptions for the purpose of purchasing or constructing a building wherein to conduct its school and carry out its objects and purposes, said fund to be known as a Building Fund; that in furtherance of such campaign announcements concerning same were authorized to be published in the local newspapers, and appellant held dinners to which large numbers of persons were invited as guests and that at said dinners appellant solicited subscriptions to said Building Fund, announcing that a minimum of not less than $—— was to be raised by public subscriptions; that plaintiff (appellee Kiddey) attended one of said dinners as an invited guest, and, on account of the representations there made, did subscribe and pay the sum of $50 to be used in aid of the accomplishment of the purpose proposed, "and *for no other purpose;*" that the sum raised was about $2,500 and this amount was wholly inadequate to purchase or construct a "home" for said corporation, and the money subscribed was never used for that purpose, and constitutes a trust fund in the hands of appellant and is impressed with a trust in favor of the subscribers to said Building Fund; that more than five years have passed without appellant obtaining any additional subscriptions, or making any effort to do so; that on the 16th day of December, 1930, appellant by its board of directors voted to abandon the purposes for which said monies were collected and to return to the several subscribers to said Building Fund, in the proportion in which they had severally paid, 80 per cent of said fund; that appellant's treasurer, the officer of the corporation authorized by its by-laws to sign checks, arbitrarily and wrongfully refused to sign checks so said money could be returned as directed and authorized by the Board of Directors, and no part of said fund has been returned to plaintiff or to any other of the subscribers thereto; that

certain members of appellant's Board of Directors desire to rescind the action of the board taken on December 16th, 1930, and are seeking to obtain authority from a majority of said board to transfer the unexpended balance of said Building Fund to the checking account of appellant so as to enable it to use such fund for the general expenses of the corporation, including the payment of salaries if it be so desired; that defendant (appellant) is insolvent; that the directors are in a state of hopeless disagreement between and among themselves as to the disposition of the Building Fund and there is imminent danger of said fund being misappropriated, dissipated, and lost; that a receiver should be appointed to take possession of said fund and distribute the same according to the direction of the court, or to take charge of all the assets of the corporation and wind up its affairs.

The demurrer was on the ground that the complaint does not state facts sufficient to constitute a cause of action.

Appellant contends that appellees have no right to maintain this action on behalf of themselves and all others similarly situated. We cannot agree with this contention. Sec. 277, Burns Ann. St. 1926, (§2-220, Burns 1933, §35, Baldwin's 1934), provides that "when the question is one of a common or general interest of many persons, or where the parties are numerous and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of the whole." Under the allegations of this complaint all persons who subscribed and paid money to the "Building Fund" have a common or general interest with appellees in having such fund declared to be a trust fund held by appellant for their benefit. See, *Tate* v. *O. & M. R. R. Co.* (1858), 10 Ind. 174; *Gaiser* v. *Buck* (1931), 203 Ind. 9, 174 N. E. 83.

In determining the sufficiency of the complaint as against the demurrer for want of facts we consider only the facts stated therein. Here, it is stated that the fund, which the complaint seeks to have declared a trust fund, was donated for a specific purpose, and none other; that such purpose has failed of accomplishment, and has been abandoned; that appellant is insolvent, and holds the unexpended balance of said Building Fund as a separate fund.

When funds are solicited, donated, and received for a certain definite purpose the donee of such funds has no right to apply the same to any other purpose. When the object or purpose for which the contributions were made fails, a resulting trust will arise for the benefit of the donors, or their heirs. The court did not err in overruling the demurrer to the complaint. *Richards* v. *Wilson* (1916), 185 Ind. 335, 112 N. E. 780; *The Rector etc.* v. *Crawford* (1871), 43 N. Y. 476; *First Church of Christ Scientist* v. *Schreck* (1911), 127 N. Y. S. 174, 70 Misc. Rep. 645.

Appellant, in its motion for a new trial, assigns only two reasons therefor, both of which would require a consideration of the evidence in order to determine if error had been committed in overruling said motion. Appellees contend that the evidence is not properly in the record and that therefore no question is presented as to the assigned error in the overruling of said motion. An examination of the record discloses that appellant's motion for a new trial was overruled on September 16th, 1931, and that at this time 90 days was allowed appellant within which to file its bill of exceptions. The record also shows that such bill of exceptions was not filed until January 15th, 1932. It is thus apparent that the evidence is not in the record unless the time for filing such bill of exceptions was re-extended as provided for in Section 687, Burns

Ann. St. 1926, §2-3107, Burns 1933, §460, Baldwin's 1934, Acts 1911, p. 193. The record further shows that on December 14th, 1931, appellant filed its application for a re-extension of time within which to file its bill of exceptions and the court, on that day, granted an extension of time of 30 days from December 16th, 1931. The only notice served on appellees in connection with this application was served December 9th, 1931, and is as follows: "You, and each of you, are hereby notified that on the 14th day of December, 1931, the defendant, Indianapolis Bible Institute, will file with the court herein, its verified application for an extension of time to file its Bill of Exceptions." The statute (Sec. 687, Burns Ann. St. 1926, *supra*) requires that a party desiring a re-extension of time in which to file a bill of exceptions containing the evidence shall make an application therefor under oath showing that the statutory causes for such an extension exist, and shall give the opposite party, or his attorneys of record, at least three days' notice *of the time when, and place where, said application will be heard.* The record fails to show a compliance with the statute in the particulars named. It does affirmatively show that only appellant appeared in court on December 14th, 1931, when the re-extension of time was granted. In the absence of any proof of service of *notice of hearing* of the application filed by appellant, in the manner required by the statute, and of any showing in the record that appellees appeared in court when the application was submitted to the court and the order granting the re-extension of time to file bill of exceptions was entered, we must hold that the order purporting to grant such extension of time was ineffective for such purpose. *English* v. *English* (1914), 182 Ind. 675, 107 N. E. 547; *Richmond Light, etc., Co.* v. *Rau* (1915), 184 Ind. 117, 110 N. E. 666; *Fauvre Coal Co.* v. *Kushner* (1919), 188 Ind. 314, 123 N. E. 409; *Fostoria Oil Co.* v.

*Gardner* (1920), 72 Ind. App. 509, 124 N. E. 467; *Wyeth*
v. *Eldin* (1922), 78 Ind. App. 401, 133 N. E. 38.

The evidence not being in the record, no question is
presented for consideration as to the alleged error in
overruling the motion for a new trial. Judgment
affirmed.