MUTUAL BUILDING LOAN &c. CO. *v.* DICKINSON *et al.*

112　469
f112　808

112　469
f125　819

When several persons are named in a bill of exceptions as defendants in error, an acknowledgment of service thereon, signed by an attorney " for " one of these persons by name "et al.," affords no evidence of service of the bill of exceptions upon the others or any one or more of them.

Argued December 5, — Decided December 20, 1900.

Motion to dismiss writ of error.

*Townsend & Westmoreland* and *Z. D. Harrison,* for plaintiff in error.　*B. B. Bower,* contra.

LUMPKIN, P. J.　The bill of exceptions in the present case expressly names as the defendants therein Mrs. E. O. Dickinson, Mrs. Ida Wood, Miss Julia Dickinson, and Homer Dickinson.　Upon this bill of exceptions is the following entry : "Due and legal service of the foregoing bill of exceptions and certificate of the judge to same acknowledged, and copy waived, and all other and further notice and service waived.　This the 2d day of May, 1900. [Signed] B. B. Bower, Attys. for E. O. Dickinson et al."　This entry is the only evidence of service of the bill of exceptions.　On the call of the case here, a motion to dismiss the writ of error, based on several grounds, was presented and insisted upon.　One of these grounds was : "Because the acknowledgment of service on said bill of exceptions is only signed as follows, to wit : 'B. B. Bower, atty. for E. O. Dickinson et al.,' and does not, therefore, bind Julia and Homer Dickinson and Ida Wood ; and they being necessary parties to said bill of exceptions and not served, the bill of exceptions should be dismissed."　We are constrained to hold that this ground of the motion to dismiss is good.　This ruling is based upon the decision of this court rendered at the February term, 1885, in *Brantley* v. *Brookins,* 74 *Ga.* 843, considered in the light of a previous ruling made in *Cameron* v. *Sheppard,* 71 *Ga.* 781.　The bill of exceptions sued out in the case first mentioned recited that the suit was that of " Haywood Brookins, ordinary of said county, suing for the use of John J. Buck and wife, E. N. Ennis and wife *et al., vs.* Green Brantley and W. A. Davis, administrators on the estate of John Davis, deceased, and James G. Brower, administrator on the estate of John Kittrell, deceased."　It appears that the defendants below, being dissatisfied with a judgment rendered against

them, excepted; and service of their bill of exceptions was acknowledged by "J. N. Gilmore and Jas. K. Hines, attorneys for Ennis and wife *et al.*" The writ of error was dismissed. We find, from an examination of the minutes of this court, that the order of dismissal was as follows: "On motion it is ordered that this case be dismissed, because some of the defts. in error do not appear to have been served with the bill of exceptions, and it is further ordered that the judgment of the court below stand affirmed." This court had, before the term at which this order was passed, distinctly ruled that "the words 'and others' will not suffice to set out the defendants in error; they must be named; and none but those named are defendants in error." *Cameron* v. *Sheppard*, supra. The Latin abbreviation "*et al.*" means "and another" or "and others." It was therefore practically and definitely settled, before the case cited from 74 *Ga.* was disposed of by this court, that a mere reference in a bill of exceptions to an unnamed party, or parties, by using the term "and others" or "*et al.*," amounted to nothing, a view which this court has consistently and uniformly followed up to the present time. See *McCain* v. *Sutlive*, 109 *Ga.* 548, and cases cited. It must, therefore, be concluded that, in dealing with the *Brantley* case, the court treated the "*et al.*," both in the bill of exceptions and in the acknowledgment of service, as entirely meaningless; and, accordingly, that the recital in the order of dismissal, that "some of the defts. in error do not appear to have been served with the bill of exceptions," was necessarily predicated upon the view entertained by the court that "Ennis and wife" were the only persons upon whom it affirmatively appeared that service had been perfected. We can not, therefore, under the ruling in that case, which is binding upon us as authority, do otherwise than dismiss the present writ of error.

Four persons are named in the bill of exceptions as defendants in error, and all of them are essential parties. The acknowledgment of service, under the rulings above referred to, covered one only of them, and there is no evidence of service as to the remaining three. The "*et al.*" appearing in the acknowledgment of service is not even followed by the words "defendants in error." As "*et al.*" may as well mean "and another" as "and others," it could not with absolute certainty be asserted that the acknowledgment was in any event intended to refer to more than one other person be-

sides Mrs. Dickinson, or that it was not limited to two only of the other defendants; and if to two, it would still be uncertain which two were meant. The fact of service on *all* must distinctly and affirmatively *appear*. It can not be arrived at by conjecture or by a process of reasoning which, at best, would leave the matter in doubt. *Writ of error dismissed. All the Justices concurring.*