## Neff *v.* Tribune Printing Company (et al., Appellant).

Argued March 17, 1966. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Alvah M. Shumaker,* with him *Daniel M. Evans* and *Peter O. Steege,* for appellants.

*Harry Alan Sherman,* for appellee.

OPINION BY MR. JUSTICE EAGEN, April 19, 1966:

This is a libel action based upon the publication of certain alleged defamatory newspaper articles. The defendants are the newspaper publishing corporation, and several individuals who are described in the complaint as officers of the corporation. Service of process was attempted by deputized service. Preliminary objections

to the sufficiency of the service of process upon the several individual defendants were overruled below, and this appeal followed by certain of said defendants[1] under the Act of March 5, 1925, P. L. 23, 12 P.S. §672. We disagree with the court's ruling and will reverse.

The return of service of the sheriff read as follows: "Before me, the undersigned authority, personally appeared, Walter N. Cronin, Deputy Sheriff, who being duly sworn according to law, deposes and says that on the 30th day of September, 1963, at 1:40 P.M., E.D.S.T. he served Complaint in Action of Trespass, filed at No. 37 December Term, 1963, Lawrence County, Pennsylvania, upon defendant the Tribune Printing; et al. at place of business, 715-13th Street, Beaver Falls, Beaver County, Pa. Handed to James March, Sr., true and correct copies of the aforementioned Complaint, and making known to him the contents thereof.

"So answers John W. Hineman, Jr. Sheriff Beaver County."[2]

Rule 1009 of the Pennsylvania Rules of Civil Procedure prescribes the manner in which service of process shall be made. Under Section (b)(2), (iii) of that rule, where the defendant is an individual, the writ or complaint may be served at any office or usual place of business of the defendant by handing a copy thereof to his agent or to the person for the time being in charge thereof.

The rules relating to service of process must be strictly followed, and jurisdiction of the court over the person of the defendant is dependent upon proper service having been made: *McCall v. Gates*, 354 Pa. 158, 47 A. 2d 211 (1946). Also, Rule 1013 of the Pennsylvania Rules of Civil Procedure requires that the return of service "shall set forth the day, hour and place of

---

[1] James H. March, Sr., did not appeal.

[2] The return was never amended.

service, the name of the person to whom a copy of the writ or complaint was handed and any other facts necessary for service." Further, there is no presumption as to the validity of the service, and under Rule 1013, it is essential that the return set forth all of the necessary facts to show proper service: *Nahrgang v. Nahrgang*, 86 Pa. D. & C. 135 (1953).

In the instant case, the return of service fails to recite certain facts essential to valid substituted service upon the appellants. For instance, it fails to state that James H. March, Sr., was an agent of one or all of the appellants, or that he was the person in charge of their office or usual place of business.[3] Further, it states that the complaint was served upon the corporation "et al." without specifically naming those served. This is far from clear and definitive. Et al. may be an abbreviation of the Latin plural phrase "et alii" meaning "and others", or of the Latin singular phrase "et alius" meaning "and another." See, Black's Law Dictionary (4th ed. 1951). Therefore, it cannot be asserted with any degree of reasonable certainty that the return shows service on one individual other than March and the corporation, or several, or who the other or others were.[4] Such a return of service cannot be sustained. The facts incident to the service of process

---

[3] It is contended herein that the mere fact the individual defendants are officers of the corporation is not, in itself, sufficient to render the corporate office their usual place of business. In view of the noted patent defects in the return, this question need not be reached. See, however, *Harr v. Edsall*, 121 Pa. Superior Ct. 19, 183 A. 67 (1936), and *Hertz v. Record Publishing Co.*, 31 Erie 197 (1947).

[4] In *Breidenthal v. McKenna*, 14 Pa. 160 (1850), wherein one of three defendants was specifically named by the clerk in administering the oath to the jury, and the words "et al." were also used, it was held that the two unnamed defendants were not properly joined. See also, *Mutual Building, Loan & Investment Co. v. Dickinson*, 112 Ga. 469, 37 S.E. 713 (1900).

should appear distinctly and affirmatively. They should not be left to conjecture.

Order reversed.

Mr. Justice MUSMANNO dissents.