City of Philadelphia *v.* Henry C. Davis, Appellant.
City of Philadelphia, Appellant *v.* Clifford H. Miller.
City of Philadelphia, Appellant *v.* Frederick G. Frick.

Argued April 4, 1977, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Kenneth E. Aaron*, for Davis, Miller and Frick.

*Martin G. Malloy*, with him *Sheldon L. Albert*, City Solicitor; *Stephen Arinson*, Chief Deputy City Solicitor; *Beryl E. Hoffman*, Deputy City Solicitor; and *Stewart M. Weintraub*, Assistant City Solicitor, for City of Philadelphia.

OPINION BY JUDGE ROGERS, May 3, 1977:

Henry C. Davis, Clifford H. Miller and Frederick G. Frick work for the Defense Personnel Support Center, a division of the Defense Supply Agency which is in turn a part of the United States Department of Defense. Their place of employment is a facility of the Department of Defense located at 2800 South 20th Street, Philadelphia. The City of Philadelphia filed a complaint in assumpsit against each Davis, Miller and Frick seeking judgment for wage taxes allegedly due and unpaid. A Philadelphia deputy sheriff made the following holographic return of services on each complaint:

Left on desk trying to dodge Service w/Supervisor.

Each of the defendants filed preliminary objections challenging the effectiveness of service and seeking that it be set aside. Each of the matters came before a different judge of the Court of Common Pleas of Philadelphia. In the cases of Miller and Frick, their preliminary objections were sustained; in Davis's case the preliminary objections were dismissed. The City has filed appeals in the matter of Miller and Frick, and Davis has appealed in his matter. We consolidated the appeals for argument and disposition.

The sole issue is whether the sheriff's return describes service which subjected the defendants to the jurisdiction of the court below. We believe that it does not and will affirm the actions of the court with

respect to Miller and Frick and reverse with respect to Davis.

Pa. R.C.P. No. 1009(b)(2)(iii) permits service on an individual defendant "by handing a copy at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof." The Supreme Court of Pennsylvania has construed this subdivision of its rule as providing for service at the defendant's office or place of business but as not providing for service at the defendant's place of employment. The case of *Sharp v. Valley Forge Medical Center and Heart Hospital, Inc.*, 422 Pa. 124, 211 A.2d 185 (1966), is controlling. There the sheriff, seeking to serve a complaint on one Mallinedo, a medical assistant of the Valley Forge Medical Center, went to the hospital and left a copy of the complaint with another employee whom he described in his return as "the person for the time being in charge of the place of employment." Mallinedo never received notice of the institution of the action and judgment was entered against him. The Court of Common Pleas of Montgomery County struck the judgment and the Supreme Court of Pennsylvania affirmed, Mr. Justice (now Chief Justice) EAGEN writing:

> The validity of the service is governed by the requirements of the Pennsylvania Rules of Civil Procedure. Rule 1009(b) 2(iii) provides that service of a summons or a complaint may be effected on an individual defendant by handing a copy thereof *'at any office or usual place of business* of the defendant to his agent thereof.' (Emphasis added.) It thus permits substituted service *only* at the 'office' or 'place of business' of the defendant. As presently drawn, the Procedural Rules make no provision for substituted service at a defendant's 'place of

employment.' Hence, the sheriff's return on its face discloses no service in conformity with the existing rules, is, therefore, invalid, and a judgment based thereon properly stricken. In view of this, it is unnecessary for us to reach the question of whether or not the hospital was the 'office' or 'place of business' of Mallinedo. But compare, Branch v. Foort, 397 Pa. 99, 152 A.2d 703 (1959), and Nahrgang v. Nahrgang, 86 Pa. D & C. 135 (1953).

The rules relating to service of process must be strictly followed, and jurisdiction of the court over the person of the defendant is dependent upon proper service having been made: McCall v. Gates, 354 Pa. 158, 47 A.2d 211 (1946). There is no presumption as to the validity of the service and the return itself is required to set forth service in conformance with the rules. See, Neff v. Tribune Printing Co., 421 Pa. 122, 218 A.2d 756 (1966). (Emphasis in original.) 422 Pa. at 126-27, 221 A.2d at 187.

The complaints in the instant case allege that each of the defendants "was employed by the Defense Personnel Supply Center" at 2800 South 20th Street and the sheriff's return in each case says that the purported service was made at that place by "Left on desk . . . w/Supervisor." The returns hence show that service was made at the defendants' place of employment not their office or place of business; and they not only fail to say that the copy was handed to the defendant's agent or a person in charge of the office or place of business, they affirmatively state that the copy was "Left on desk."

We will therefore affirm the orders of the court below in the cases of Miller and Frick, and reverse the order in the case of Davis.

38

ORDER (248 C.D. 1976)

AND Now, this 3rd day of May, 1977, the order of the court below dismissing preliminary objections is reversed, and service of the complaint is set aside with leave to the plaintiff to effectuate service in accordance with the Rules of Civil Procedure.

ORDER (421 C.D. 1976)

AND Now, this 3rd day of May, 1977, the order of the court below setting aside service of the complaint is affirmed.

ORDER (827 C.D. 1976)

AND Now, this 3rd day of May, 1977, the order of the court below setting aside service of the complaint is affirmed.