City of Philadelphia *v.* William M. Campbell, Appellant.

Argued October 3, 1977, before Judges CRUMLISH, JR. and WILKINSON, JR., sitting as a panel of two.

*Kenneth E. Aaron,* with him *Davidson & Aaron,* for appellant.

*Martin Malloy,* Assistant City Solicitor, with him *Beryl E. Hoffman,* Deputy City Solicitor, *Stephen Arinson,* Chief Deputy City Solicitor, and *Sheldon L. Albert,* City Solicitor, for appellee.

OPINION BY JUDGE WILKINSON, JR., October 21, 1977:

As alleged in appellee's complaint, appellant was "employed by the U. S. Naval Shipyard, Philadelphia Naval Base, Philadelphia, Pennsylvania." This complaint was served by a deputy sheriff who stated in the return

SERVED AND MADE KNOWN TO William M. Campbell [X] Defendant by handing a

true and attested copy of the within Complaint, issued in the above captioned matter on Apr. 9, 1975, at 11:00 o'clock, A.M., D.S.T. at C/O Phila. Naval Base in the County of Philadelphia, State of Pennsylvania, to *Adult Male*

[ ] (1) the aforesaid defendant, personally;

[ ] (2) an adult member of the family of said defendant, with whom said defendant resides, who stated that his/her relationship to said defendant is that of ......;

[ ] (3) an adult person in charge of defendant's residence; the said adult person having refused, upon request, to give his/her name and relationship to said defendant;

[ ] (4) the manager clerk of the place of lodging in which said defendant resides;

[X] (5) agent or person for the time being in charge of defendant's office or usual place of business.

[ ] (6) the ........... and officer of said defendant Company;

So Answers,

*Charles E. Murray, Jr.,* Sheriff

By: A. DeFeo, Deputy Sheriff

Judgment was taken by default on July 15, 1975. On September 25, 1975 appellant filed his Petition to Strike Off Judgment on the ground that the service was defective in that service upon an employee may not be made by service upon the person in charge of the office or usual place of business of his employer. The lower court denied the prayer of the petition to strike off the judgment. This appeal followed. We must reverse.

This case is controlled by our decision in *City of Philadelphia v. Davis*, 30 Pa. Commonwealth Ct. 34,

373 A.2d 1154 (1977). It must be noted that the lower court did not have the benefit of Judge Rogers' opinion in *Davis, supra,* handed down May 3, 1977, when it decided the instant case on May 11, 1976. *Davis, supra,* was controlled by *Sharp v. Valley Forge Medical Center and Heart Hospital, Inc.,* 422 Pa. 124, 221 A.2d 185 (1966) wherein it was held that service of process on defendant's supervisor at his place of employment was insufficient to subject defendant to jurisdiction under Pa. R.C.P. No. 1009(b)(2)(iii).

This service may also be defective because of failure to give the name of the agent or person for the time being in charge of defendant's office or usual place of business on the return as required by Pa. R.C.P. No. 1013(b) or to explain in the return why he did not give the name. *See Pincus v. Mutual Assurance Co.,* 457 Pa. 94, 321 A.2d 906 (1974). However, this objection was not raised in the petition to strike, was not considered by the court below, and will not be considered here.

Finally, we find no merit in appellee's position that appellant waived any defect in service by failing to file his petition to strike until 2½ months after the judgment was taken. The record does not reveal when appellant had actual knowledge that judgment had been entered against him. Even assuming he knew it the same day, which is entirely unlikely, 2½ months' delay does not put him in the category of the defendant who delays 16 months. *See Myers v. Mooney Aircraft, Inc.,* 429 Pa. 177, 240 A.2d 505 (1967).

Accordingly, we will enter the following

ORDER

Now, October 21, 1977, the order of the court below dismissing the petition to strike the judgment is reversed, service of the complaint is set aside, and the

case is remanded to the Court of Common Pleas of Philadelphia County, with leave to the plaintiff to effectuate service in a proper manner.