**Burke v. Davis**

 

*Burton Satzberg*, for plaintiff.
*Donald B. Scace, Jr.*, for defendant.

BRADLEY, *P.J.*, January 26, 1979—This action arises from an automobile collision which occurred in Sussex County, Delaware, on August 12, 1977. Plaintiff, a Pennsylvania resident, was riding in a car driven by defendant Davis, also a Pennsylvania resident. Davis' car collided with an auto driven by defendant Boyer, a Delaware resident; and, plaintiff was allegedly injured.

Defendant Boyer has filed preliminary objections to the complaint arguing that this court lacks jurisdiction over his person due to invalid service. Plaintiff having filed no answer, the matter shall now be decided on defendant's objections alone.

Defendant Boyer, a nonresident, was apparently served pursuant to Pa.R.C.P. 2079(a):

"(a) If an action of the class specified in Rule 2077(a)(1)* is commenced in the county in which the cause of action arose, process may be served upon the defendant personally or by having the sheriff of said county send by registered mail, return receipt requested, a true and attested copy of the process: (1) to the Secretary of the Common-

---

*The applicable portion of Rule 2077(a)(1) states that such service shall apply to: "actions as to which the laws of this Commonwealth authorize service of process upon a non-resident, or a resident who becomes a non-resident or who conceals his whereabouts . . ."

94

wealth, accompanied by the fee prescribed by law, and (2) to the defendant at his last known address with an endorsement thereon showing that service was made upon the Secretary of the Commonwealth."

As Rule 2079(a) clearly states, it may be utilized only where an action is commenced in the county in which the cause of action arose. The instant cause of action arose in Sussex, Delaware, not Philadelphia. Therefore, Rule 2079 is not applicable, and the service on defendant Boyer was invalid.

Jurisdiction of the court over the person of the defendant is dependent upon proper service having been made: Sharp v. Valley Forge Medical Center, 422 Pa. 124, 127, 221 A. 2d 185 (1966); Neff v. Tribune Printing Co., 421 Pa. 122, 124, 218 A. 2d 756 (1966).

Accordingly, the following order is entered.

### ORDER

And now, January 26, 1979, it is hereby ordered and decreed that defendant Boyer's preliminary objections are granted and that plaintiff's complaint as to defendant Boyer is dismissed.

[Editor's note: Pa.R.C.P. 2079 has been amended, effective June 11, 1979.]