## Lithographic Publications, Inc. v. Kaplin

*Steven E. Angstreich*, for plaintiffs.
*Joan D. Katz*, for defendant.

MIRARCHI, JR., *A.J.*, February 21, 1979—This civil proceeding originated with the filing of a complaint in trespass. Defendant then filed preliminary objections pursuant to Pa.R.C.P. 1017.

While defendant raised a number of objections, this court will address only one, since its disposition makes the other objections moot. Specifically, defendant asserts that service of the complaint was improper, and that, consequently, this court has no jurisdiction over defendant. This court agrees.

In the instant case, plaintiffs allege in their complaint that defendant is a California resident *who has a place of employment* at 121 North Orianna Street, Philadelphia, Pa. Service was made by handing a copy of the complaint to Mr. John Sheehan at the 121 North Orianna Street address.

Pa.R.C.P. 1009(b)(2)(iii) provides that service of a summons or a complaint may be effected on an individual defendant by handing a copy thereof "at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof." This has been distinguished from a person's place of employment. The Procedural Rules make no provision for substituted service at a defendant's place of employment. In fact, substituted service made upon an individual at defendant's place of employment is not proper service on the defendant. See Sharp v. Valley Forge Medical Center and Heart Hospital, Inc., 422 Pa. 124, 221 A. 2d 185 (1966), and City of Philadelphia v. Davis, 30 Pa. Commonwealth Ct. 34, 373 A. 2d 1154 (1977).

Consequently, since service was made upon someone other than defendant at defendant's place of employment, the service was defective and this court lacks jurisdiction over defendant.

Accordingly, it is hereby ordered and decreed that service of the complaint is set aside, and plaintiffs are given leave to effectuate service in accordance with the Rules of Civil Procedure.