## Commonwealth v. One 1978 Dodge Coupe

*Claude J. Lewis,* for Commonwealth.
*Frank Bognet,* for owners.

LAVELLE, *P.J.*, May 8, 1981—In this forfeiture proceeding Andrew and Ann Evanko, the owners of a 1978 Dodge Challenger automobile seized by the Commonwealth, challenge, inter alia, the court's jurisdiction over their person.

On July 9, 1980 Department of Revenue Agents seized the owners' automobile in the Borough of Nesquehoning in Carbon County pursuant to section 1001 of the Pennsylvania Cigarette Tax Act of July 22, 1970, P.L. 513, 72 P.S. §3169.1001 (act), after discovering 24 cartons of untaxed cigarettes inside the vehicle.

On July 14, 1980 the Commonwealth filed its petition seeking forfeiture of the vehicle. Revenue agents attempted to personally serve the Evankos at their residence in Lehighton, Carbon County, but without success. The Department of Revenue then sent by registered mail one copy of the petition to Andrew Evanko on July 15, 1980, at his Lehighton, Carbon County address. (See Commonwealth's answer to owners' interrogatories and preliminary objections.) No other type of service was made or attempted.

Before the court are the answer and preliminary objections to the forfeiture petition which attack the petition on three grounds:

1. The court has no jurisdiction over the owners of the seized vehicle because they were improperly served with the forfeiture petition.

2. The form and the filing of the forfeiture petition do not strictly conform to the requirements of section 1001 of the Pennsylvania Cigarette Tax Act.

3. The forfeiture procedure in the act is unconstitutional.

## DISCUSSION

The threshold issue is whether the court obtains

jurisdiction in a forfeiture proceeding where the Commonwealth attempts personal service through revenue agents and then sends a copy of the petition to one of the owners by registered mail. We hold that such service is defective and forfeiture proceeding jurisdiction does not attach.

It has long been held in this Commonwealth that service of process in strict compliance with the Rules of Civil Procedure is essential to the jurisdiction of the court over the person: Neff v. Tribune Printing Company, 421 Pa. 122, 218 A. 2d 756 (1966); Keystone Wire and Iron Works, Inc. v. Van Cor, Inc., 245 Pa. Superior Ct. 537, 369 A. 2d 758 (1976); City of Philadelphia v. Frick, 2 Phila. Interloc. Civil Opin. 25 (1976). Contra, First National Bank and Trust Company v. Anderson, 7 D. & C. 3d 627 (1977). Defective service must be set aside: City of Philadelphia v. Davis, 30 Pa. Commonwealth Ct. 34, 373 A. 2d 1154 (1977).

Section 1001(h) of the act, 72 P.S. § 3169.1001(h), provides:

"A copy of the [forfeiture] petition shall be served in any manner provided by law for service of process or complaint in an action in assumpsit on the owner if he can be found within the Commonwealth. If the owner cannot be found within the Commonwealth, a copy of the petition shall be served on the owner by registered mail or certified mail, return receipt requested, addressed to the last known address of the owner. The person in possession and all encumbrance holders having a perfected security interest in the property confiscated shall be notified in a like manner."

In our view, the clear language of the act requiring "service" of the forfeiture petition upon the owner to be in accordance with "service of process"

in assumpsit provides for more than just reasonable notice to the owner of the pendency of the forfeiture action. The language of the act equates service of the forfeiture petition with service of process and thereby implies that the court must obtain jurisdiction over the owners of the confiscated property before the court can enter a valid decree of forfeiture.* As in any other civil action, jurisdiction in personam is obtained only through proper service of process.

Service of process or complaint in assumpsit is governed by Pa.R.C.P. 1009 which reads in part:

"(a) The writ, or the complaint if the action is commenced by complaint or the complaint is used as alternative process as provided by Rule 1010(e), *shall be served by the sheriff within thirty (30) days after issuance or filing.* When the sheriff is a

---

*In our disposition of the case, we are mindful that a proceeding for the forfeiture of an automobile under the act is an in rem proceeding and the defendant in such a case is the confiscated property: Section 1001(f) of the act, 72 P.S. §3169.1001(f), supra. See Com. v. Beloff, 166 Pa. Superior Ct. 286, 70 A. 2d 689 (1950); 36 Am. Jur. 2d, Forfeitures and Penalties §17. A court's jurisdiction in a forfeiture case is usually dependent on whether the defendant property is in actual or constructive possession of the court: 36 Am. Jur. 2d, §28, supra. However, it is also recognized that the owner of defendant property although not the nominal party is the substantial party in the lawsuit because he stands to lose his property rights: Com. v. Landy, 240 Pa. Superior Ct. 458, 362 A. 2d 999 (1976).

There is no question that the court has jurisdiction over defendant automobile in the instant case as the vehicle is now in the possession of the Pennsylvania Department of Revenue. However, it is our conclusion that the language of the act also requires jurisdiction over the person of the owner of the confiscated property as well as jurisdiction over the property. Where either jurisdictional requirement is missing, any forfeiture decree entered in the case would be, in our opinion, a nullity.

party to the action service shall be made by the coroner. . . ." (Emphasis supplied.)

A forfeiture proceeding under the act is commenced by filing a petition for forfeiture. Therefore, the act in conjunction with Pa.R.C.P. 1009(a) requires that *the sheriff* serve the petition on the owners of the seized property within 30 days of the filing. Under the rules of assumpsit, service by a party other than the sheriff, or in special circumstances, the coroner, is fatally defective: Gilbride v. Gilbride, 56 Lack. Jur. 129 (1954).

In the instant case, the Commonwealth alleges in its petition and the owners affirm in their preliminary objections that the owners are residents of Carbon County and that the owners' vehicle was seized in Carbon County. The Commonwealth admits in its answer to the owners' interrogatories that it made no attempt to have the Sheriff of Carbon County serve the owners with a copy of the forfeiture petition. The record only indicates that the Commonwealth served the owners by registered mail when Department of Revenue agents were unsuccessful in serving the owners at the owners' residence in Carbon County.

By using their own agents and not the Sheriff of Carbon County for service of the forfeiture petition, the Commonwealth ignored section 1001(h) of the act and did not follow the rules of assumpsit. Nowhere in the act does it provide that Department of Revenue Agents stand in the shoes of a sheriff in serving petitions of forfeiture.

Further, the Commonwealth's use of the mail for service was not authorized by the act because the Commonwealth made no initial attempt to have the Sheriff of Carbon County serve the petition. Moreover, the Commonwealth's use of the mail was

improper since there is nothing in the record to indicate that the owners could not be found in Pennsylvania or that the owners were outside of Carbon County let alone outside the Commonwealth.

It is more than apparent from the record that the Commonwealth chose to pursue the easiest possible course in serving the owners instead of strictly following the act and the rules of assumpsit. We refuse to give our judicial imprimatur on such conduct by the Commonwealth and on the service resulting from that conduct.

The Commonwealth argues that the owners were not prejudiced by this improper service and made a timely appearance before this court. However, whether or not the owners were prejudiced is not the question before us. The timely filing of the preliminary objections by the owners does not moot the question of jurisdiction nor subject the owners to the jurisdiction of this court. See Neff, supra; First National Bank v. Anderson, supra.

Because the Commonwealth's service by mail on the owners of the confiscated property was improper and not in accordance with the act or with the rules of assumpsit, we find the service of the petition to be defective.

We have reviewed the owners remaining preliminary objections and find them to be without merit.

Accordingly, we enter the following

## ORDER

And now, this May 8, 1981, it is hereby ordered and decreed as follows:

1. The owners' preliminary objection with respect to personal jurisdiction be and is hereby sustained.

2. Service of the forfeiture petition upon the owners Andrew and Ann Evanko be and is hereby set aside.

3. The owners' remaining preliminary objections be and are hereby dismissed.