## Cabbell v. Resorts International Hotel Casino

*Phillip Baer*, for plaintiff.
*Gerrold Anders*, for defendant.

GAFNI, J., September 14, 1982—Presently before this court are the preliminary objections of defendant, Resorts International Hotel, Inc. (Resorts of New Jersey), a New Jersey corporation, which owns and operates a casino and hotel in Atlantic City, New Jersey.

The issues before the court are: (1) whether defendant, Resorts of New Jersey, has been properly served with process pursuant to the Pennsylvania Rules of Civil Procedure; and (2) if not, should this matter, nevertheless, be transferred to a more convenient and appropriate forum.

In resolving the instant preliminary objections, the court has accepted as true the facts as set forth in the complaint. These facts indicate the following:

On May 11, 1981, plaintiff, Roberta Cabbell (Cabbell), a citizen and resident of the State of New Jersey, was on the premises of the Resorts International Hotel and Casino in Atlantic City, New Jersey. It is contended in the complaint that while visiting the casino, plaintiff suffered personal injuries as a result of the negligence of defendants, Resorts of New Jersey.

On March 17, 1982, plaintiff commenced an action in trespass in this court. Plaintiff's counsel instructed the Sheriff of Philadelphia County to serve "Resorts International Hotel Casino" at 1507 Walnut Street, Philadelphia, Pa. Thereafter, defendant, Resorts of New Jersey, filed the instant preliminary objections.

In these preliminary objections, defendant, Resorts of New Jersey, contends that it does not do business in this Commonwealth, and that it has no registered offices here. In support of these preliminary objections, Resorts of New Jersey submitted the affidavits of its corporated counsel, which de-

scribe the corporate structure of its parent firm, Resorts International, Inc. (Resorts of Delaware), a Delaware corporation.

Apparently, defendant, Resorts, is a wholly-owned subsidiary of Resorts of Delaware. Moreover, the offices located at 1507 Walnut Street, Philadelphia, Pa., are those of yet another subsidiary of Resorts of Delaware, Resorts International of New York, Inc. (Resorts of New York).

Defendant, Resorts of New Jersey, contends that service upon its sister corporation, Resorts of New York, at its Philadelphia offices, is not valid service upon it and, therefore, this court is without in personam jurisdiction. See, Pa.R.C.P. 1017(b)(1).

In response to the preliminary objections of defendant Resorts of New Jersey, plaintiff, without leave of court, filed an amended complaint, changing the caption of the case to include Resorts of New Jersey and Resorts of New York as party defendants.

At the outset, it is noted that the method of service employed by plaintiff's counsel was to serve Resorts of New Jersey, at the offices of its sister corporation, Resorts of New York, in Philadelphia. No attempt was made to serve Resorts of New Jersey in the manner required by the Rules of Civil Procedure. Plaintiff is apparently asking this court to pierce the corporate infra-structure of the various Resort corporations. This the court is not prepared to do under the present circumstances.

The Supreme Court has repeatedly held that the Pennsylvania Rules of Civil Procedure relating to service, are to be narrowly construed and strictly followed: Sharp v. Valley Forge Medical Center and Heart Hospital, Inc., 422 Pa. 124, 221 A. 2d 185 (1966); Neff v. Tribune Printing Co., 421 Pa. 122, 218 A. 2d 756 (1966). The reasoning behind this

rule of construction is self-evident, as the court's in personam jurisdiction is founded upon the very act of service of process in a manner authorized by statute and by the procedural rules: Hartmann v. Peterson, 438 Pa. 291, 265 A. 2d 127 (1970); Sharp v. Valley Forge Medical Center and Heart Hospital, Inc., supra; Neff v. Tribune Printing Co., supra. In Peterson v. Philadelphia Suburban Transportation Co., 435 Pa. 232, 255 A. 2d 577 (1969), the Supreme Court held:

It is basic to our whole system of the trial of lawsuits that service of process be made, and timely made. Normally, in actions *in personam* the service must be personal service or an authorized substitute therefor. *The fundamental and indispensable nature of the service requirement permeates the decisional and statutory law of this Commonwealth* . . . (citations omitted). (Emphasis supplied.)

The failure in our procedural rules to mention service upon a subsidiary corporation cannot be viewed as a mere oversight. Plaintiff could easily have served this defendant had she complied with the procedural rules.

Under Rule 2180(c) of the Pennsylvania Rules of Civil Procedure, a plaintiff has several alternatives by which a nonresident foreign corporation may be served. Here, plaintiff has not secured service on Resorts of New Jersey by any of the methods allowed by the procedural rule. Indeed, pursuant to Rule 2180(c)(2), plaintiff could have utilized Pa.R.C.P. 2079(c), which provides in pertinent part:

Outside the Commonwealth, the plaintiff shall have the right of service within 90 days after the issuance of the writ or filing of the Complaint . . .

• • •

(2) in the manner provided by law of the jurisdiction in which the service is made for service in an action in any of its courts or general jurisdiction; or

(3) by registered letter sent by the plaintiff, the plaintiff's attorney, or any competent adult, addressed to the last known address of the defendant, requiring a receipt signed by the defendant . . .

As plaintiff has not served defendant in its own right, Resorts of New Jersey is not now properly before this tribunal and the complaint will be dismissed without prejudice to plaintiff's right to serve defendant in accordance with the proper methods as set forth in the Pennsylvania Rules of Civil Procedure.

## ORDER

And now, September 14, 1982, upon consideration of defendant's preliminary objections to plaintiff's complaint in trespass, it is hereby ordered and decreed that said complaint be dismissed without prejudice to plaintiff's right to serve defendant in accordance with the Pennsylvania Rules of Civil Procedure.

---

As the court has determined that at the present time it lacks jurisdiction over defendant, Resorts of New Jersey, the issue of forum nonconveniens was not considered. However, from a reading of the complaint, it appears questionable that this jurisdiction has any relationship with plaintiff's cause of action which would warrant the commencement of the action in this Commonwealth.