Cynthia **BARRETT**, Sun Splash, Inc. and Baron C. Smith, Plaintiffs,

v.

**CITY OF ALLENTOWN**, Joseph Daddona, Wayne Stephens, Joseph N. Hanna, Dean Schwartz—Detective, M. Conway # C–1568, John Doe—Police Officer, John Doe—Police Officer, Supreme Auto Body Works, Michael Fonzone, Joseph Reily, John Doe—Tow Truck Driver, Defendants.

Civ. A. No. 92–5024.

United States District Court, E.D. Pennsylvania.

Oct. 13, 1993.

Cynthia Barrett, pro se.

Sun–Splash, Inc., pro se.

Baron C. Smith, pro se.

Appearance Not Entered for defendant.

### *MEMORANDUM AND ORDER*

HUYETT, District Judge.

Defendants, the City of Allentown, Joseph Daddona, Wayne Stephens, Joseph N. Hanna, Dean Schwartz, Mark Conway and other unnamed police defendants (collectively, the "City Defendants") have moved to dismiss Plaintiffs' action pursuant to Fed.R.Civ.P. 12(b)(5) for failure to make proper service.[1] In the alternative, the City Defendants move to dismiss the Complaint pursuant to Fed. R.Civ.P. 12(b)(6) for failure to state a cause of action upon which relief may be granted. The Plaintiffs, Cynthia Barrett, Sun Splash, Inc. and Baron C. Smith ("Plaintiffs") have jointly filed an affidavit in opposition to the City Defendants' Motion to Dismiss. Because the Plaintiffs are proceeding pro se the Court will treat the affidavit as a response to the City Defendants' motion.

The Plaintiffs have filed a Complaint and an amended Complaint against the City Defendants for alleged civil rights violations arising from the search of Cynthia Barrett's home and the confiscation of an automobile belonging to Sun Splash, Inc. Plaintiffs filed the original complaint with the Clerk on February 11, 1993. They filed an amended complaint on May 24, 1993. Since then Plaintiffs have made two attempts to serve the City Defendants with the original Complaint and one attempt to serve the amended Complaint.

The Plaintiffs first attempted to serve the City Defendants on April 14, 1993, by mailing, first class, copies of the original complaint and a summons form to the private law

---

**1.** The City Defendants' motion is improperly framed as a Motion to Dismiss pursuant to Fed. R.Civ.P. 12(b)(1), rather than 12(b)(5).

office of the City Solicitor. The summons was not signed by the court clerk nor imprinted with the seal of the court. The summonses were addressed to the individual defendants c/o Thomas Anewalt, the City Solicitor. No signed copies of the Notice and Acknowledgement form were ever filed with the Clerk.

On May 21, 1993, Plaintiffs attempted to serve the City Defendants with an amended complaint. A copy of the amended complaint was mailed, first class, to the private law office of the City Solicitor. According to the City Defendants, this document was not accompanied by any form of summons.

On May 28, 1993, the Plaintiffs again attempted service of the original complaint. Plaintiffs mailed, by certified mail, six copies of the original complaint to the City Solicitor's office at City Hall. Each complaint was accompanied by one copy of a summons which had been signed and dated by the Clerk, although no evidence of a seal appears on the copies. Each copy was accompanied by only one copy of the Notice and Acknowledgement of Receipt of Summons and Complaint. No return envelopes were included. A secretary at the City Solicitor's office signed the Notice and Acknowledgment forms on behalf of the City of Allentown, Joseph Daddona, Joseph N. Hanna, Mark Conway, Dean Schwartz and Wayne Stephens.

The City Defendants argue, albeit indirectly, that this action should be dismissed or service quashed because service has not properly been effected within the 120 day period following filing of the complaint as required under Fed.R.Civ.P. 4(j). Fed. R.Civ.P. 4(j) provides:

> [i]f a service of summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Thus, Rule 4(j) warrants dismissal where proper service is not made within 120 days following filing of a complaint, absent a showing of good cause by the plaintiffs.

Although the City Defendants have not formally moved pursuant to Rule 4(j), the Court may on its own initiative dismiss an action for failure to make timely service. The Court finds that service was not perfected within the 120 day period and good cause was not shown for failure to make proper service. Accordingly, the Complaint is DISMISSED WITHOUT PREJUDICE as to each City Defendant. Because the Complaint has been dismissed in its entirety, there is no need for the Court to address the City Defendants' motions pursuant to Fed. R.Civ.P. 12(b)(5) or 12(b)(6).

*The City of Allentown*

Service of process upon a municipal corporation is governed by Fed.R.Civ.P. 4(d)(6), which provides that service shall be made:

> Upon a state or municipal corporation or other governmental organization thereof subject to suit, by delivering a copy of the summons and of the complaint to the chief executive officer thereof or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

Thus, Rule 4 does not authorize service by mail on a city or municipal corporation. *Norlock v. City of Garland,* 768 F.2d 654, 656 (5th Cir.1985).

■ Pennsylvania Rule of Civil Procedure 422 governs service of process on the Commonwealth of Pennsylvania and its political subdivisions. Pa.R.Civ.P. 422(b) provides:

> Service of original process upon a political subdivision shall be made by handing a copy to
>
> (1) an agent duly authorized by the political subdivision to receive service of process, or
>
> (2) the person in charge at the office of the defendant, or
>
> (3) the mayor, or the president, chairman, secretary, or clerk of the tax levying body thereof, and in counties where there is no tax levying body, the chairman of county commissioners.

None of the three attempts at service, made on April 14, May 21st or May 28th fulfil the requirements of Rule 4 or Pa. R.Civ.P. 422(b). The deficiency common to all three attempts was the failure to make hand delivery. Hand delivery to an enumerated entity is required pursuant to both the Federal Rules and Pennsylvania law. Mailing copies of the complaint to the City Solicitor is insufficient to effect service upon the City of Allentown.

Additionally, the April 14th and May 28th attempts at service of the original complaint violated the provisions of Fed.R.Civ.P. 4(b), which requires that a summons be signed *and* sealed by the Clerk of the Court. Failure to have a summons signed by a clerk is a serious deficiency which cannot be overlooked. *Kramer v. Scientific Control Corp.,* 365 F.Supp. 780, 788 (E.D.Pa.1973); *Aim Telephones, Inc. v. AG Communications,* 551 So.2d 460 (D.N.J.1988). An unsigned summons demonstrates a flagrant disregard for the rules of procedure and suggests that the summons was issued by a plaintiff and not the court Clerk.

■ The May 21st attempt to serve the amended Complaint did not succeed in effecting service upon any of the defendants. The filing of an amended complaint was improper because service of the original Complaint was never perfected. Although this Court granted Plaintiffs leave to amend the Complaint, the Court simultaneously warned Plaintiffs that failure to properly serve the amended complaint within 120 days from the date of filing the original complaint would result in dismissal. *See* Order Granting Plaintiffs Leave to Amend Complaint, dated May 14, 1993. The requirement of timely service of either the original or amended complaint was implicit in the Order granting leave to amend. The filing of an amended complaint does not toll the 120 day period. *Bryant v. Brooklyn Barbeque Corp.,* 130 F.R.D. 665, 668 (W.D.Mo.1990) (an amended complaint may not be served unless good cause is shown for the failure to serve the original Complaint within the 120 day period.) In sum, the amended Complaint was neither properly filed nor properly served.

■ For all of the reasons discussed above, the Court concludes that proper service has not been made upon the City of Allentown. The 120 day period for service of the original Complaint expired on or about June 11, 1993. Plaintiffs have not made a showing of good cause for failure to timely perfect service. Indeed, Plaintiffs did not even address the issue of service in their affidavit. Furthermore, Plaintiffs' pro se status does not constitute good cause, particularly in light of the fact that Plaintiffs were advised by the Court that this action would be dismissed if proper service was not timely made. *Kersh v. Derozier,* 851 F.2d 1509, 1512 (5th Cir.1988) (pro se status or lack of knowledge of procedure rules does not constitute good cause under Rule 4); *Ouzts v. Cummins,* 825 F.2d 1276, 1278 (8th Cir.1987) (same). For all of the foregoing reasons, the Complaint against the City of Allentown is DISMISSED WITHOUT PREJUDICE in its entirety. Service of the amended complaint is QUASHED.

*The Individual Defendants*

The Federal Rules of Civil Procedure permit mail service upon individuals. Pursuant to Fed.R.Civ.P. 4(c)(2)(C)(ii) service may be made:

> by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgement conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender....

Fed.R.Civ.P. 4(c)(2)(C)(i) permits service upon individuals to be made in accordance with state rules governing service. Pennsylvania state law allows service upon individuals by mail. Pennsylvania Rule of Civil Procedure 403 requires that plaintiffs effecting service by mail must send a copy of the summons and complaint to the defendants by any form of mail requiring a receipt signed by the defendant or authorized agent.

■ All three attempts at service of process of the individual defendants are deficient because, among other things, neither the Federal Rules nor Pennsylvania state law permit service of process to be made by mail

at one's place of employment. *Johnson–Lloyd v. Vocational Rehabilitation Office,* 813 F.Supp. 1120, 1125 (E.D.Pa.1993); *Walsh v. SmithKline Beckman,* No. CIV.A. 89–5833, 1990 WL 149208 (E.D.Pa. Oct. 2, 1990) (citing *City of Philadelphia v. Campbell,* 32 Pa.Cmwlth. 166, 378 A.2d 1043 (1977); *Philadelphia v. Davis,* 30 Pa.Cmwlth. 34, 373 A.2d 1154 (1977)). Furthermore both Pennsylvania law and Federal law require either the return receipt or the Notice and Acknowledgment form to be signed by the defendant himself. The signature of a secretary is insufficient. There is no evidence in this case that the individual defendants have actual proof of the action.

Dean Schwartz and Mark Conway were not named in the original Complaint, but were added in the amended Complaint filed on May 24, 1993. Even if the Court were to accept that the amended Complaint was validly filed, the 120 day period following filing has expired without proper service because the service was attempted at the City Solicitor's office, not the Defendants' homes.

Because Plaintiffs have not perfected service of process within the 120 day period and have not demonstrated good cause for failure to make proper service, Plaintiffs' claims against the individual Defendants are hereby DISMISSED WITHOUT PREJUDICE. Service of the amended Complaint is hereby QUASHED.

*Conclusion*

All claims against the City of Allentown, Joseph Daddona, Wayne Stephens, Joseph N. Hanna, Dean Schwartz, Mark Conway and other unnamed police officers are DISMISSED WITHOUT PREJUDICE. An appropriate Order follows.

### ORDER

Upon consideration of the City Defendants' Motion to Dismiss, Plaintiffs' Affidavit in Response thereto and for the reasons stated in the accompanying Memorandum, the City Defendants' motion is GRANTED. All claims against the City of Allentown, Joseph Daddona, Wayne Stephens, Joseph N. Hanna, Dean Schwartz, Mark Conway and other unnamed police defendants set forth in the complaint and amended complaint are hereby DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**