**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-13074

Non-Argument Calendar

_____

WASEEM DAKER,

*Plaintiff-Appellant,*

*versus*

COMMISSIONER, GEORGIA DEPARTMENT OF
CORRECTIONS,
FACILITIES DIRECTOR JACK KOON,
JOHNNY SIKES,
   Deputy Facilities Director,
ROBERT TOOLE,
   Field Operations Director,
AHMAD HOLT,
   Deputy Field Operations Director, et al.,

*Defendants-Appellees.*

———————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:22-cv-00340-MTT-CHW

———————————————

Before JORDAN, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Waseem Daker, a "serial litigant," has "clogged the federal courts with frivolous litigation by submitting over a thousand pro se filings in over a hundred actions and appeals in at least nine different federal courts." *Daker v. Jackson*, 942 F.3d 1252, 1255 (11th Cir. 2019). In April of 2022, we upheld a permanent litigation filing injunction issued by the Northern District of Georgia which required Mr. Daker, when filing any new lawsuit or petition, to (a) post a $1,500 contempt bond in addition to the required filing fee, (b), detail in the new filing a list of his litigation history, and (c) append to the new filing a copy of the filing injunction. *See Daker v. Governor of Georgia*, No. 20-13602, 2022 WL 1102015 (11th Cir. 2022). The district court had imposed the injunction to "curb [Mr.] Daker's abusive filings," and warned that any new complaint or petition which did not comply with the injunction would be summarily dismissed. *See id.* at *1.

In September of 2022, Mr. Daker filed a complaint in the Middle District of Georgia alleging that the Georgia Department of Corrections had violated his constitutional rights by denying him access to dates because eating dates was part of his religious practice. A magistrate judge issued a report recommending that the

complaint be dismissed because Mr. Daker had failed to comply with the injunction entered by the Northern District of Georgia. First, he had not filed a copy of the injunction. Second, he did not include a list of his litigation history. The magistrate judge also ordered Mr. Daker to show cause why the Middle District of Georgia should not imposed the same injunction issued by the Northern District of Georgia.

Mr. Daker filed objections to the report and responded to the show cause order. He also filed an amended complaint with new access to court claims on March 15, 2023. He included with the amended complaint a typed list of his litigation history but did not attach a copy of the Northern District's injunction because he said prison officials had destroyed and denied access to his legal documents.

In his response to the order to show cause, Mr. Daker asserted that he had not provided a copy of the Northern District's injunction or a list of his litigation history because prison officials had destroyed or denied access to his legal materials, and had refused him access to a photocopier for him to create the necessary attachments. He also argued that the court could access the necessary documents on PACER, that the court should not impose restrictions which were impossible to satisfy, and that his lawsuits have not been sufficiently vexatious or duplicative to merit a filing injunction.

In his objections, Mr. Daker argued that his timely filing of an amended complaint, which he claimed satisfied the Northern

District's injunction, superseded the original complaint. He also repeated some of the arguments he presented in his response to the show cause order.

On April 3, 2023, the district court adopted the magistrate judge's report and recommendation in full, but without indicating whether the dismissal of the complaint was with or without prejudice. The court ruled that Mr. Daker had not provided his litigation history or submitted a copy of the Northern District's injunction. In addition, the court found the amended complaint to be untimely. Finally, the court entered a permanent filing injunction against Mr. Daker that was identical to the one issued by the Northern District, noting that he had "well over three hundred" actions and appeals in the federal courts and that the Georgia Supreme Court had placed filing restrictions on him too

Mr. Daker filed a motion to vacate the district court's order and judgment, arguing in part that the dismissal should have been without prejudice. The court denied the motion, clarifying that the dismissal had been without prejudice and that the statute of limitations had not run at the time of the dismissal order.

This is Mr. Daker's appeal. For the reasons which follow, we affirm.

First, Mr. Daker contends that the Northern District of Georgia erred and abused its discretion in imposing the permanent filing injunction against him in light of *Trump v. CASA, Inc.*, 606 US. 831 (2025), and as a result the district court in this case should not have dismissed his lawsuit based on that injunction. We disagree.

Assuming that the discussion in *CASA* with respect to universal injunctions generally applies to filing injunctions, the one issued by the Northern District does not prevent Mr. Daker from filing new lawsuits or petitions. Instead, it requires him—because of his vexatious litigation history—to do certain things when he does institute a new action. *See Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387–88 (11th Cir. 1993). We do not believe that the Northern District's filing injunction is barred by *CASA*.

Second, Mr. Daker asserts that his amended complaint cured any deficiencies in his initial complain vis-à-vis the filing injunction. We are not persuaded. Rule 15(a)(1) allows a plaintiff to amend his complaint in four circumstances: (A) as a matter of course within 21 days after service; (B) as a matter of course within 21 days after the service of a responsive pleading or Rule 12 motion; (C) with the opposing party's consent; or (D) with leave of court. The only provision that Mr. Daker could possibly rely on here is subsection (A), but it is inapplicable because there was no service of the initial complaint. *Cf. Barrett v. City of Allentown*, 152 F.R.D. 46, 49 (E.D. Pa. 1993) ("The filing of an amended complaint was improper because service of the original complaint was never perfected.").

In any event, even if subsection (A) could apply on the theory that the filing of the initial complaint, even without service, triggers the 21-day limit, Mr. Daker waited over six months to submit his amended complaint. So the district court did not err in finding the amended complaint untimely.

Third, Mr. Daker argues that the district court erred in not accepting his factual assertion that prison officials had destroyed or denied access to his legal materials.  But he presumably knew of these purported impediments when he filed his initial complaint, and he did not inform the district court about the reason(s) for his inability to comply with the Northern District's filing injunction. Under the circumstances, the court did not abuse its discretion, *see Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008), in dismissing the initial complaint without prejudice.

**AFFIRMED.**